## Richmond.

### BARKSDALE AND TERRY v. FITZGERALD.

#### December 15, 1881.

1. SUBROGATION—*Principal and surety—Evidence—Case here.*—Judgment against T and another docketed April, 1872. *Fi. fa.* levied and forthcoming bond taken with E as surety. Bond forfeited and returned May, 1873, but not docketed. Judgment on the bond against all the obligors January 19th, 1874, and docketed. E claims that he paid the judgment as surety and asks to be substituted to the lien of the judgment on the land of T conveyed by trust deed to secure F, recorded January 4, 1874. *Fi. fa.* on last judgment levied on principal obligor's property, but, with consent of surety, held up by plaintiffs' order. The debt was then paid without sale. On the last *fi. fa.* is an endorsement purporting to be signed by W and S, the judgment creditor's attorneys, to the effect that the *fi. fa.* was satisfied by E, and one of the attorneys deposed that he was induced to hold up the *fi. fa.* by the promise of one of the principals or the surety E, or both, *to see the money paid at an early day,* whilst the testimony of the sheriff tends to show that if payment was made by either, that principal or E, it was probably by the former.

HELD:

    1. The endorsement on the *fi. fa.* is not evidence against any other than the judgment creditor.

    2. The onus of proving the payment by himself, so as to entitle him to the relief he asks, rests on E, and as it is insufficient, the other questions involved are left undecided.

2. QUÆRE.—Whether the original judgment was merged in the forfeited forthcoming bond, or in the subsequent judgment on the bond, it never having been quashed, or liable to be quashed, so far as appears. See *Rhea* v. *Preston,* 1 Matthews, 757; *Bank of Old Dominion* v. *Allen, supra,* p. 200.

3. QUÆRE.—" Whether the payment (if made) by the surety and the release thereby effected of the principal's property, render the surety's right of substitution (if it exists) to the lien of the first judgment, subordinate to to the trust deed, which is junior to that judgment. See *Clevenger* v. *Miller,* 27 Gratt. 740; *Sherman's Adm'r* v. *Shaver, &c.,* 1 Matthews, 1.

4. JUDICIAL SALES—*Interest—Former judgment—Case at bar.*—A cause being remanded for further proceedings, with a view to a sale of the land in parcels, if more advantageous, commissioners divide the land into parcels according to the directions of the debtor, T. Their report unexcepted to, is confirmed. The court then directed the sole commissioner to offer the land in parcels, and accept the bids, if sufficient to pay the liens ; but if not, to offer it undivided. The bids for the land in parcels aggregated $1,066.40—a sum less than one-fifth of the liens. The bid for it undivided was $4,977, which was reported, and the court confirmed the sale. Account of liens having been taken, only two debts were reported—those of F and of H. T excepted to both as usurious. The debt of H bore interest at 12 *per centum per annum,* that being the rate allowed by law when the debt was contracted. That of F had been finally adjudicated in a former suit between T and F. The exceptions were overruled. On appeal—

HELD :

    1. There was no error in the sale.

    2. The exceptions were properly overruled.

5. APPEALS.—In a cause several decrees are pronounced—from three whereof successive appeals are allowed—1st, to T ; 2d, to E ; 3d, to T and E jointly. The first two were dismissed for failure respectively to give bond, and to print the record. The third, which relates only to the last decree pronounced, remained.

HELD :

    The spirit, if not the letter of Code 1873, ch. 178, § 18, would seem to preclude enquiry into the matters involved in the former appeals ; but the conclusions arrived at are unaffected by waiving the bar of the statute in the present case.

Appeal of Elisha Barksdale, Jr., and William C. Terry from a decree of the circuit court of Pittsylvania county, pronounced 27th April, 1881, in a suit therein pending in which William C. Terry is plaintiff and William R. Fitzgerald is defendant. The facts and proceedings are fully stated in the opinion of the court.

*J. Alfred Jones* and *E. Bouldin, Jr.,* for the appellants.

*Ould & Carrington,* for the appellee.

BURKS, J., delivered the opinion of the court.

This is the fourth appeal in this cause. On the first, Terry being sole appellant, the decree below was reversed, and the cause remanded for further proceedings. 32 Gratt. 843. After the case got back into the circuit court, Elisha. Barksdale, Jr., was, on his petition, admitted a party, and in the further proceedings several decrees were pronounced, from three of which successive appeals were allowed, the first to Terry alone, the second to Barksdale, and the third to Terry and Barksdale jointly, all pending here at the same time. The first two were dismissed during the last term here of this court on the motion of the appellee, one of them because of the failure of the appellant to give the required bond, and the other for failure to have the record printed. The one last allowed, which seems to relate alone to the decree last entered, remains to be disposed of. The statute provides that after the dismission of an appeal, writ of error, or *supersedeas,* no other appeal, writ of error or *supersedeas* shall be allowed to or from the same judgment, decree, or order. Code of 1873, ch. 178, § 18. This act, in its spirit, if not in the letter, would seem to preclude inquiry into the matters involved in the former appeals. See *Campbell* v. *Campbell,* 22 Gratt. 649, and cases there cited.

But the conclusions we have reached will not be affected by waiving the bar of the statute in the present case.

1. As to the appellant Barksdale.

It appears that the firm of Wise Bros., on the 15th day of January, 1872, recovered against Terry and W. P. Barksdale a judgment which was docketed on the 26th of April, 1872. Execution was sued out, which was levied and a forthcoming bond taken; in which Terry, W. P. Barksdale, Elisha Barksdale, Jr. (the appellant), and William J. Banks

were the obligors, the last two as sureties presumptively, though there is no direct proof of this. The bond being forfeited, it was returned May 20, 1873, to the clerk's office from which the execution issued, and a judgment was rendered upon it against all the obligors January 19, 1874; and this latter judgment was also docketed, the forfeited forthcoming bond returned, having under the statute the force and effect of a judgment, never having been docketed. The claim of the appellant Barksdale is that he paid the judgment on the forthcoming bond as surety, and he asks to be substituted to the lien of Wise Bros., on the land of Terry conveyed to secure the appellee Fitzgerald. The deed of trust securing Fitzgerald was admitted to record a few days before the recovery of the judgment on the forthcoming bond—to-wit, January 3, 1874. An execution was sued out on this judgment and levied on the personal property of Terry, the principal obligor or one of the principal obligors.

For some reason unexplained, the property was not sold under the levy and a *venditioni exponas* was awarded, and there was no sale under that, but, with the consent and approval of the sureties, it was held up by order of the plaintiff's attorneys, and the debt was paid by some one without sale.

If paid by the appellant Barksdale, as surety on the forthcoming bond, several questions might arise. First, whether his right of subrogation should be confined to the judgment on the forthcoming bond, which remains in force, and is subsequent and therefore subordinate to the deed of trust, or be extended to the lien of the original judgment, recovered and docketed in 1872; in other words, whether the original judgment was not satisfied or merged in the forfeited forthcoming bond or in the subsequent judgment on the bond, the latter never having been quashed, nor being liable to be quashed, so far as appears. See *Withers*

v. *Carter*, 4 Gratt. 420; *Jones, &c.* v. *Myrick's Ex'ors*, 8 Gratt. 179, 211, 212; *Rhea and others* v. *Preston*, 75 Va. (1 Matthews), 757, 774; *Bank of the Old Dominion* v. *Allen and others, supra*, 200; Freeman on Judgments (3d ed.), § 216 and cases cited in notes. Second, whether the payment (if made) by the surety and the release thereby effected of the principal's property levied on, do not, to the extent at least of the value of that property, render the surety's right of substitution (if it exists) to the lien of the first judgment, subordinate to Fitzgerald's lien, though junior, created by the deed of trust. *Clevinger* v. *Miller*, 27 Gratt. 740; *Sherman's Adm'r* v. *Shaver and others*, 75 Va. (1 Matthews), 1; *Rhea and others* v. *Preston, Ib.* 757, 769–772.

But the questions suggested, interesting as they are, need not be decided in the present case, as the alleged payment by the appellant Barksdale, which is the foundation of his claim, is not, in our opinion, established by the proofs.

On the *fi. fa.* that issued to enforce the judgment on the forthcoming bond, or on the execution book, there is a written statement, without date, purporting to be signed by Whittle & Sims, attorneys for the plaintiff, to the effect that the *fi. fa.* was "satisfied by E. Barksdale, Jr.," the appellant here. But this statement is not evidence against the appellee Fitzgerald; and Mr. Sims (one of the attorneys), in his deposition, does not say that Mr. Barksdale paid the execution, but he thinks he was induced to hold it up by promises made to him by William P. Barksdale (one of the original debtors), or Elisha Barksdale, or both; that *they would see the money paid* at an early day, and the testimony of the sheriff tends strongly to show that if payment was made by either William P. Barksdale or Elisha Barksdale, it was probably made by the former, and not by the latter. The burden of proof was on the appellant Barksdale. He never asserted his claim until after the cause had been remanded by this court on the first appeal,

and it is singular that he did not attempt to maintain his pretensions by giving his own deposition, or at least by taking the depositions of Terry and William P. Barksdale touching the matter in dispute, especially when it was twice referred to the commissioner for inquiry. If he did not have notice of the first inquiry made, as he alleges, he certainly had notice of the last. The commissioner so reports, and files the summons with the sheriff's return, showing that notice was given.

2. As to the appellant Terry.

Waiving every objection to a review of all the decrees rendered by the circuit court after the cause was remanded by this court, notwithstanding the dismissal of the two appeals already mentioned, we still find no error to the prejudice of Terry.

The court ordered an account of Fitzgerald's debt and all prior liens on the land. The commissioner reported two debts only—Fitzgerald's and another to Hairston secured by a prior deed of trust. Terry excepted to both as usurious. The exceptions were properly overruled. Though the Hairston debt bore interest at the rate of 12 *per centum per annum*—that was the rate allowed by law at the time the debt was contracted; and the amount due on Fitzgerald's debt had been finally adjudicated in a former suit between Terry and Fitzgerald.

The court also, pursuant to the decree of this court, with a view to a sale of the land in parcels, if a sale in that manner should be more advantageous, ordered certain commissioners, appointed for the purpose, to view the land, take such testimony as might be offered, and if none was offered, then to exercise their best judgment and report whether the land was susceptible of division into different tracts, &c.

They executed the order, divided the land into parcels, and made their report. Terry excepted to the report, and

the court then ordered the commissioners to make another division according to Terry's own directions. They made it, and their report was confirmed without objection or exception by any one. Nothing then remained to be done except to decree a sale. The decree was made. The commissioner was directed to first offer the land in parcels, and if the price bid was sufficient to satisfy the liens and costs, he was required to accept the bids; if not sufficient, he was directed to offer the tract undivided. He pursued the directions of the decree. The first offer was in parcels, and the bids aggregated about $1,000, less than one-fifth of the amount of the reported liens. He then offered the entire tract, and obtained a bid of $4,977, which he accepted and reported, and the court confirmed the sale.

It is not worth while to enter upon a discussion of Terry's exceptions to the report of the sale. They appear to be very frivolous, and not supported by anything in the record. The gist of the whole is that the land was sold at a sacrifice, but there is no proof whatever to that effect; none was tendered, not even *ex parte* affidavits.

The court is of opinion that as there is no error in any of the prior decrees which have been considered, so also there is none in the last, and that it should be affirmed.

DECREE AFFIRMED.