## Richmond.

### Woodson's Ex'or v. Leyburn and als.

November 10th, 1887.

1. Decrees—*Interlocutory—Rehearing.*—This court affirmed an interlocutory decree of circuit court. Afterwards in the circuit court a petition was filed to rehear said decree, and was dismissed, and the petitioners appealed.

Held :
> Such a decree, under such circumstances, cannot be reheard.

2. Idem—*Limitation to rehearing.*—Interlocutory decree was rendered fifth April, 1878. Leave to file petition for rehearing was given eighth April, 1883, and it was filed on sixth April, 1884.

Held :
> The bar to rehearing was complete under Code, 1873, ch. 166, § 16.

3. Idem—*Coram non judice.*—It was set up as ground for rehearing that certain parties who had answered by guardian *ad litem* were actually of full age at time of answering, and hence were *coram non judice.* The record does not show when they became of full age.

Held :
> It may be presumed that they were under age when the decree was rendered.

4. Appellate Court—*Failure to print.—Dismissal.*—Appeal from interlocutory decree was dismissed for failure to print the record. On petition for rehearing—

Held :
> Such dismissal has the same effect as to subsequent rehearing as if the decree had been affirmed.

Appeal from decrees of circuit court of Goochland county, rendered sixth April, 1878, and fourth September, 1884, respectively, in the consolidated chancery causes therein

pending, under the general style of Alfred Leyburn and Susan W., his wife, and others, complainants, against Chas. Guerrant, executor of Charles R. Woodson, deceased, and others, defendants, and Charles Guerrant, as such executor, complainant, against W. B. W. Brooking and others, defendants. The decree being adverse to the said executor, he obtained an appeal and *supersedeas.* Opinion states the case.

*Kean & Guy,* for appellants.

*Pettit & Leake,* for appellees.

RICHARDSON, J., delivered the opinion of the court.

In November, 1856, Charles R. Woodson qualified in the. county court of Goochland county as the administrator of Ann Redford, deceased, and at the same time executed his bond as such administrator, with John Woodson as his surety in the penalty of $——. In May, 1861, said administrator loaned to J. W. Logan, of said county, $5,000 of the moneys of said estate, for which he took the bond of Logan, with T. M. and W. R. Fleming as sureties, payable on demand. The bond was made payable to Charles R. Woodson individually, and was secured by a deed of trust on a James river plantation belonging to Logan, situated in Goochland county. The security when taken was supposed to be ample. But results incident to the war, together with the subsequent great depreciation in the value of land, disappointed the apparently well-founded expectations of the administrator in this particular, and the result was the loss of the greater portion of the debt.

In 1875, the distributees of Ann Redford filed their bill in the circuit court of Goochland county against the administrator and the personal representatives of his surety,

John Woodson, who in the meantime had died, alleging that the administrator had wasted the estate, and praying that he and the estate of the deceased surety be decreed to pay the complainants the sums, respectively, to which, upon a settlement of the estate, they might appear to be entitled.

. In the progress of the cause the administrator died, and the suit was revived against his representatives. About the same time a suit was instituted in the same court by the executor of the deceased administrator for a settlement of the estate, and the two causes were heard together.

The principal question in controversy was as to the liability of the administrator of Ann Redford, deceased, for the money loaned by him in 1861 to Logan. On the part of the complainants in the first suit it .was insisted that the money having been loaned in the individual name of the administrator, and without ear-mark to indicate that the money was trust funds, he was absolutely responsible for, and that he and the estate of his deceased surety ought to be decreed to make good the loss that had occured. On the other hand, it was insisted that the administrator was not liable, because at the time the money was loaned he informed Logan that it belonged to the estate of his intestate, and because the bond was executed and the deed of trust to secure it was recorded before it was discovered by the administrator that the bond was drawn payable to himself individually, when he supposed that, after what had occured, it was not worth while to have the correction made—in all of which the administrator had acted in the strictest good faith, and ought, therefore, to be protected.

The commissioner to whom the cause was referred reported in favor of the view then taken on behalf of the administrator, but the circuit court, upon exceptions to the commissioner's report, sustained the view taken by the complainants, and decreed accordingly. .

From this decree, which was entered April 5th, 1878, the executor of C. R. Woodson obtained an appeal to this court, where the appeal lingered unnoticed until 1883, when, upon the motion of the Redford devisees, the appeal was dismissed for the failure of the appellant to print the record. The parties to that appeal and to the present appeal are the same.

After the cause went back to the circuit court, the representatives of John Woodson, deceased, the surety on the administrator's bond, filed a petition to rehear the above-mentioned decree of April 5th, 1875, on the ground, mainly, that the court erred in sustaining the complainant's exception to the commissioner's report in respect to the Logan debt. The petition was filed on the sixth of April, 1884, and by a decree entered September 4th, 1885, the petition was dismissed; whereupon the petitioners obtained an appeal.

The first point raised in the petition for appeal is, that the decree of April 5th, 1878, was an interlocutory decree and erroneous, and ought therefore to have been reheard and set aside, regardless of any limitation in point of time. And in support of this position reference is made to *Kendrick* v. *Whitney*, 28 Gratt. 646, and to *Fultz* v. *Brightwell*, 77 Va. 742.

In those cases it was held that there is no statutory bar limiting the time within which a petition to rehear an interlocutory decree may be presented, and that whether such a decree will be reheard depends upon the sound discretion of the court. This, as a general rule of equity practice, is well established and undisputed; but it has no application to the case in hand, because it is met and neutralized by another rule equally well established and understood, which is, that an interlocutory decree affirmed by this court on appeal cannot therefore be reheard by the court in which it was pronounced. And an order of

this court dismissing an appeal for failure to have the record printed, is, in effect, so far at least as a subsequent appeal is concerned, equivalent to an affirmation of the decree. The statute in express terms provides that "after the dismission of an appeal, writ of error or *supersedeas*, no other appeal, writ of error or *supersedeas* shall be allowed to or from the same judgment, decree or order. Code 1873, ch. 178, § 18. This statute has been construed by this court to apply as well to an order dismissing an appeal for failure to print the record as to a similar order made on any other ground. *Barksdale* v. *Terry*, 76 Va. 892.

In that case reference is made to *Campbell's Ex'ors* v. *Campbell's Ex'or*, 22 Gratt. 649, wherein Moncure, P., after a review of the authorities, and speaking for the court, declared that it is not competent for this court to review one of its own decrees pronounced at a previous term, even though error therein is apparent. And such being the case with respect to this court, *a fortiori* it must be so with respect to the power of a circuit court to set aside a decree rendered by it and affirmed by this court. In such a case the decree of the circuit court, although interlocutory in its character, acquires all the finality, so far as the power to rehear it is concerned, which belongs to the decree of the appellate court affirming it; and in the case last mentioned it was declared that a decree of this court is none the less final because it is made upon an appeal from an interlocutory decree of the lower court.

Such, then, being the effect of the order of this court dismissing the former appeal, the decree which was the subject of that appeal is now not only beyond the power of the circuit court which pronounced it, but of this court as well, no matter whether it be erroneous or not. Nor is the rule a harsh one; for, as explained in the case just referred to, an appeal brings up the whole proceedings in

the cause, and either party can have any error against him corrected without the necessity of a cross-appeal in any case; so that if a party fail to complain of error, and a decree be made upon the appeal, he is concluded by the decree, and ought to be; otherwise there would be no end to litigation. The rule is, therefore, not only a just one, but is founded on sound public policy. *N. Y. Life Ins. Co.* v. *Clemmit,* 77 Va. 366; *Cobb's Assignee* v. *Gilchrist's Adm'r,* 80 Va. 503; *Stuart & Palmer* v. *Preston,* 80 Va. 625; *Wash., Ohio & Western R. R. Co.* v. *Cazenove,* 83 Va. 744.

The remaining assignments of error may now be briefly disposed of.

It is contended, secondly, that the prayer of the petitioner to rehear the decree of April 5th, 1878, ought to have been granted, because "some of the petitioners were non-residents, who had been proceeded against by order of publication merely," and were, therefore, entitled to a rehearing upon their appearance in the cause. This contention, it is claimed, is supported by the statute (Code 1873, ch. 166, § 16), which enacts as follows:

"Any unknown party, or other defendant, who was not served with process, and did not appear in the case before the date of the judgment, decree or order, or the representative of any such, may, within five years from that date, if he be not served with a copy of such judgment, decree or order more than a year before the end of the said five years, and if he be so served, then within one year from the time of such service, petition to have the case reheard, and may plead or answer, and have any injustice in the proceedings corrected."

This statute obviously does not support the position of the appellants. The utmost limit, in point of time, which it allows for the filing of a petition for a rehearing is five years from the date of the decree complained of; and here the decree was rendered on the fifth of April, 1878, and

the petition was not filed until the sixth of April, 1884, which was more than six years after the date of the decree. It is true that leave to file a petition for a rehearing was granted at the April term, 1883, but that could not stop the running of the statute, the bar of which was complete when the petition was actually filed. Moreover, the record shows that the leave was granted on the eighth of April, 1883, or more than five years after the rendition of the decree; so that in any view the assignment is not well taken.

The third assignment of error is, that the decree ought to have been reheard, because "some of the parties had been proceeded against merely by the answer of a guardian *ad litem*, when in point of fact they had become of age, and hence were *coram non judice*." There is nothing, however, in the record to show that this assignment is well taken. The petition for rehearing contains a similar allegation, but it does not allege when those of the defendants who answered by guardian *ad litem* became of age, and the presumption is that they were under the disability of infancy when the decree ordering a sale was entered, namely, the decree of April 5th, 1878, and it is not alleged or shown that they attained their majority within six months next preceding the filing of the petition. Code 1873, ch. 174, § 10. The assignment is, therefore, not well taken.

Nor is the fourth assignment well taken. It is, that "it was proper for the court to give the representatives of John Woodson, deceased, the surety of the administrator, a hearing at the time when the distributees of Ann Redford begun for the first time to take active steps to disturb them. It is not easy to see exactly what is meant by this assignment, since the record shows that the representatives of John Woodson were defendants to the original bill, and have been as actively proceeded against from the commencement of the suit as any others of the defendants.

The fifth and last assignment of error, which relates to the merits of the decree sought to be reheard, is sufficiently disposed of by what has been already said in discussing the first assignment; that is to say, the order of this court dismissing the former appeal from that decree precludes further enquiry into its merits. It follows that the decree complained of—that of September 4th, 1885—dismissing the petition for a rehearing is right, and must be affirmed, with costs to the appellees.

DECREE AFFIRMED.