Syllabus.

# Wytheville.

## STAPLES' EX'ORS V. STAPLES.

### July 26th, 1888.

1. PERSONAL REPRESENTATIVES—*Heirs—Judgments.*—Only judgments rendered since February 19th, 1884, against personal representatives, are *prima facie* evidence against decedent's heirs and devisees. Code 1887, § 2668. *Brewis* v. *Lawson,* 76 Va. 36.

2. IDEM—*Creditor's bill—Rehearing—Statutory bar.*—No statutory bar exists to rehearing of interlocutory decrees. Answer of personal representatives to creditor's petition asserting judgment, may be treated as petition for rehearing. *Kendrick* v. *Whitney,* 28 Gratt. 646.

3. IDEM—*Powers—Personal liability.*—Fiduciaries have no power to bind, *ex directo,* those for whom they act, by executing bonds and other evidences of debt. But they are generally bound personally by giving such.

4. IDEM—*Improper demands—Confessed judgments—Conditions.*—Where personal representative confesses judgment on condition that if the demand be improper it shall be corrected ;

HELD:

> That the estate is entitled to credit on the judgment to the extent that the demand is improper.

5. IDEM—*Payment of debts—Devastavit—Recovery.*—Money received by one, either as administrator of the debtor, or as agent of the creditor, and paid over to the creditor in satisfaction of a valid claim against the debtor's estate, is not recoverable back from the creditor, though there were preferred debts unpaid. *Findlay* v. *Trigg,* 83 Va. 539.

6. IDEM—*Compound interest.*—Executor has no power to bind testator's estate to pay compound interest. and only the principal sum originally due, with simple interest, should be charged the estate.

7. IDEM—*Creditor's bill—Personal decree—Pleadings.*—Where an order accepted by the personal representative, is rejected in a creditors' suit, as a valid claim against decedent's estate, there can be no personal

decree for the amount thereof against such representative ; because it is asserted in the bill as a debt due by the estate, and the decree must be consistent with the case made by the pleadings. *Mundy* v. *Vawter*, 3 Gratt. 518.

8. ATTORNEY AND CLIENT—*Injury—Negligence.*—Where client fails to show that claims put in attorney's hands were solvent, or that attorney was negligent of his duty, or that he was injured by the attorney's conduct of the business, the latter is not chargeable.

Appeal from decree of circuit court of Patrick county, rendered at its June term, 1886, in the chancery suit therein pending, wherein Isaac Martin, for, &c., was complainant, and Abram Staples' executors were defendants, in which John Staples was a petitioner seeking to enforce an alleged judgment against said executors. Decree being adverse to the executors, they appealed. Opinion states the case.

*E. C. Burks*, and *J. A. Walker,* for the appellants.

*P. Bouldin,* for the appellee.

LEWIS, P., delivered the opinion of the court.

This was a creditors' suit, in the circuit court of Patrick county, to settle the estate of Abram Staples, deceased, brought in 1870. The decedent died in 1856, leaving a will whereby he appointed Samuel G. Staples and Waller R. Staples his executors. Samuel G. was the acting executor. In the progress of the cause, to-wit: on the first day of November, 1878, John Staples filed a petition asserting a claim against the estate, which consisted of a judgment rendered by confession in the county court of Patrick county against Samuel G. Staples, as executor, on the 30th of December, 1868, for $1,534.08 and costs. The judgment was for the amount of an account presented by John Staples against the executor, and which con-. sisted of five items as follows:

Opinion.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| (1). To amt. of Adams' *fi. fa.* v. Staples' ex'ors, | - | | | $ | 19 | 88 |
| Int. on do. from 23d July, '60, till 29 Dec., 1868, | | | | | 10 | 03 |
| (2). To amt. Clark Penn's order on estate, | - | - | | | 100 | 00 |
| Int. from 19 June, '58, till 29 Dec., 1868, | - | | | | 63 | 00 |
| (3). Amt. H. G. Kellogg's accepted order on ex'ors, | - | | | | 100 | 00 |
| Int. from Oct. 5, '68, till 29 Dec., 1868, | - | - | | | 1 | 35 |
| (4). Amt. paid A. Staples, in his life-time, by A. Staples, adm'r of Thomas McCabe, | - | - | - | | 333 | 66 |
| Int. from 28 Feb'y, '53, till 29 Dec., 1868, | - | | | | 300 | 29 |
| (5). Amt. due-bill on ex'ors, | - | - | - | - | 513 | 50 |
| Int. from 3 Jan'y, '66, till 29 Dec., 1868, | - | | | | 92 | 37 |
| Total, - - - - - | | | | - $1,534 | 08 |

It appears that in August, 1872, a decree was entered directing Commissioner Clark to take an account of the debts of the estate, and that in his report, subsequently made to the court, the commissioner reported the judgment above mentioned as a subsisting debt against the estate. To this report there were no exceptions, and the same was confirmed by a decree entered on the 19th of March, 1874.

The executors, in their answers to the petition filed by John Staples, denied the validity of the claim asserted in the petition, and averred that the judgment in question had been confessed by the acting executor with the distinct understanding that all errors and mistakes in the account upon which it was based should be corrected, all proper abatements made and setoffs allowed, precisely as if no judgment had been obtained. And this averment is not denied by the appellee, John Staples, or, at all events, he did not rely upon the judgment as an estoppel in the court below. . Nor is the judgment even *prima facie* evidence against the heirs and devisees of the testator, who, together with the executors, were defendants in the circuit court. *Brewis* v. *Lawson*, 76 Va. 36. The recent statute, approved February 19, 1884, making a judgment or decree against the personal repre-

sentative *prima facie* evidence against the heir or devisee of the decedent, applies only to judgments or decrees rendered since the passage of the act. Code, section 2668. The record shows, moreover, that in order to induce the executor to confess the judgment, the appellee expressly agreed in writing to allow the executors credit for the Clark Penn order and the McCabe matter, which constitute the second and fourth items in the account, if it should afterwards turn out that they were improperly settled with him by the executors.

The answers of the executors were properly treated as a petition to rehear the interlocutory decree of the 19th of March, 1874, confirming Commissioner Clark's report, and the case, therefore, comes before us on its merits; for the objection, founded upon the delay of the executors to interpose any defence to the judgment, is not well taken. Until the petition of the appellee was filed, in November, 1878, more than four years after the date of the decree of confirmation, he was not a party to the suit otherwise than in a general sense, and, as was said by the court in *Kendrick* v. *Whitney*, 28 Gratt. 646, there is no statutory bar to a petition for a rehearing of an interlocutory decree, and, ordinarily, whether a rehearing will be granted depends upon the sound discretion of the court upon all the circumstances of the case. *Woodson's ex'or* v. *Leyburn*, 83 Va. 843.

As to the first item in the account upon which the judgment was confessed there is no dispute. It is a valid charge against the estate, and was properly allowed as such.

The commissioner, to whom the cause was referred after the appellee's petition was filed, reported the second item in the account—that is, the Clark Penn order—as a charge against Samuel G. Staples individually, but, upon exceptions to the report, the circuit court decreed it to be a valid charge against the estate. We are of opinion that it is a charge against neither. The facts are these: On the 18th of June, 1858, Samuel G. Staples gave to the appellee a paper writing as follows: " Memo: John Staples some time since handed me an order from Clark Penn,

drawn on me as one of the executors of A. Staples, deceased, for $100, which I did not pay, not having funds in my hands, and which order I have lost or mislaid." At the date of this writing Abram Staples' estate was indebted to Clark Penn in a sum exceeding $100, and it appears from the record that afterwards, to-wit: on the 17th of September, 1859, Samuel G. Staples, as executor, paid the debt in full to Penn's executor, taking a receipt therefor and retaining nothing in his hands with which to settle the above-mentioned order. On the 29th of December, 1868, when a settlement was made between the appellee and Samuel G. Staples, ex'or, the former produced the order as a credit to which he was entitled against the estate. The executor at first refused to allow it, giving as his reason that his papers had been scattered by Federal troops during the late war and many of them lost, and that he was of the impression the Penn debt had been fully paid. Thereupon the appellee assured him that if he would allow the order he would correct the error, if the order was not properly chargeable; and he made upon the memorandum above mentioned the following endorsement in writing: "If Samuel G. Staples has improperly settled the above claim with me, I will allow the same as a credit on a bond which I hold against the executor of A. Staples, dec'd." This was the day before the judgment in question was confessed. Afterwards, the receipt of Penn's executor, dated September 17, 1859, was found, showing that the Penn debt had been paid long prior to the confession of the judgment; and the executors now claim, as they did in the court below, that the estate is entitled to be credited by the amount of the order, which was embraced in the judgment.

This position is well taken. There was no acceptance of the order by the executors, or either of them, and even if it had been formally accepted, such acceptance would not have bound the estate, because an executor has no authority to bind the estate of his testator by executing bonds, notes, or other evidence of indebtedness. In a recent case in the supreme court of

the United States it was said: "As to trustees, guardians, executors, and administrators, and other persons acting *en autre droit,* they are by our law generally held personally liable on promissory notes, because they have no authority to bind *ex directo* the persons for whom, or for whose benefit, or for whose estate, they act, and hence, to give any validity to the note, they must be deemed personally bound as makers." *Taylor* v. *Davis,* 110 U. S. 330. See also Story Prom. Notes, sec. 63 ; 3 Rob. Pr. (new ed.) 265 ; *Morgan* v. *Fisher,* 82 Va. 417 ; *Fitzhugh's Ex'or* v. *Fitzhugh,* 11 Gratt. 300 ; *Duvall* v. *Craig,* 2 Wheat. 45. Nor can the claim be now enforced as an equitable assignment *pro tanto* of the fund upon which the order was drawn, because not only was there no acceptance of the order, or notice to the drawees to retain the fund, but the fund has long since been paid to the drawer or to his executor.

It is also clear that the Kellogg order is not a valid charge against the estate, though accepted by the executor, Samuel G. Staples. It was an order drawn upon the executors by H. G. Kellogg, who, in right of his wife, was a legatee under the will of Abram Staples, and was allowed by the circuit court as a charge against the estate. This was erroneous, for reasons already stated in connection with the Penn order. The claim ought to have been disallowed. *Kayser* v. *Disher,* 9 Leigh, 357. Whether it is chargeable against Samuel G. Staples personally, is a question not necessary to be decided in the present case, because it is asserted in the petition as a debt due by the estate, and the decree must be consistent with the case made by the pleadings, although the evidence may show a right to a further decree. 1 Bart. Ch. Pr. 260 ; *Mundy* v. *Vawter,* 3 Gratt. 518 ; *Potomac Manf'g Co.* v. *Evans,* 84 Va. 717.

The fourth item in the account was disallowed both by the commissioner and the circuit court, and is not seriously contended for here. It is clearly without merit, and was rightly disallowed. The facts in relation to the matter are these : On the 28th of February, 1853, a *fi. fa.* issued from the clerk's office

of the circuit court of Patrick county in favor of Abram Staples against the estate of Thomas McCabe, deceased, directed to the sheriff of Kanawha county.   Abram Staples, Jr., a kinsman of the execution creditor, was McCabe's administrator, and himself delivered the execution to the sheriff, as the agent of the creditor.   The sum of $333.66, the balance due on the execution, was collected by the sheriff and paid over to the said Staples, Jr., not in his character as administrator, but as "agent as aforesaid," as appears from the sheriff's endorsement on the execution.   This money, on the 26th of March, 1853, was paid by Staples, Jr., to Samuel G. Staples, who receipted for it as the agent of the creditor.   It is claimed that when this money was paid, there was a certain fiduciary or preferred debt due by the estate of McCabe, and that the assets of the estate were not sufficient to pay the debts in full.   It is also claimed that the money was paid by Staples, Jr., in his character as administrator, with the understanding that it should be refunded if necessary to pay debts of the estate; that he was afterwards compelled, out of his own pocket, to pay the preferred creditor, and therefore that the money paid to Staples, Sr., may be recovered of his estate by the appellee, John Staples, who is the assignee of Abram Staples, Jr.

This proposition is supported neither by the law nor the facts of the case.   In the first place, the money was not received by Abram Staples, Jr., as administrator, but as agent, and as agent he paid it over.   Nor was there any agreement that it should be refunded under any circumstances.   In his deposition, which was taken before the commissioner, he does not positively say that there was an agreement, but says: "I *suppose* we must have had an understanding, or I would not have paid a debt of the fourth class without having it understood that the money so paid was to be refunded in case I had paid it out in debts of less dignity than others that might afterwards be produced."   On the other hand, Samuel G. Staples testifies that there was no such understanding when the money was paid to him, and that

he had no authority to enter into any such agreement; and there is no other evidence upon the point. ·

This being so, it is clear that the action of the court below in respect to the claim is correct; and the result would be the same, even if the money had been paid by Abram Staples, Jr., in his capacity as administrator, since it was voluntarily and *bona fide* paid to a creditor of the estate of his intestate, the validity of whose debt is not disputed.    In the recent case of *Findlay* v. *Trigg's Adm'r*, 83 Va. 539, it was decided by this court that money paid under such circumstances by a personal representative is not recoverable back from the creditor to whom it is paid, even though there be preferred debts of the estate remaining unpaid ; and the principle is well established.

The fifth and last item in the account represents the amount of a due-bill, which was executed by Samuel G. Staples, as executor, to John Staples, the appellee, for a debt due the latter by the estate for professional services rendered as an attorney, and which, with interest added, is embraced in the judgment.    The only objection to this item is, that it includes compound interest, which the executors had no authority to bind the estate to pay. The debt originally (in January, 1861,) amounted to the principal sum of $395.    On the 1st of January, 1866, the parties had a settlement, at which time the lawful interest on the debt amounted to $118.50, making of principal and interest the sum of $513.50, for which amount a note was executed, on the following day, by Samuel G. Staples, who signed the note for himself and Waller R. Staples, as executors.    On the 29th of December, 1868, the interest on this note amounted to $92.37, which was added to the amount of the note, and the whole was embraced in the judgment which was confessed by Samuel G. Staples, executor, the following day, which bears interest from the date of its rendition.    The interest has thus been twice compounded ; and this the executors had no authority to do.    The law fixes the rate of interest which is chargeable upon debts due by the estates of decedents, and it is no more competent for an executor to bind

the estate of his testator to pay compound interest upon an open account, than to impose any other obligation upon it. The circuit court ought, therefore, to have disallowed the compound interest, and to have charged the estate with the principal sum originally due, viz: $395, with interest thereon at the rate of six *per centum per annum* until paid.

The only remaining question relates to a counter claim, asserted by the executors in the progress of the cause, against the appellee, growing out of his undertaking to collect a number of small claims recoverable by warrant due the estate, which were placed in his hands as an attorney at law, for collection, in 1859. In his written receipt, which is copied into the record, he pro·mised to collect the claims for a stipulated compensation, and to return such as he could not collect. Nothing, however, has ever been paid to the executors on account of these claims by the appellee and only " a part of them returned," and the executors contend that he ought to be held liable for their nominal value. The circuit court rejected the claim, and, as we think, correctly. The evidence shows affirmatively that most of the debtors were insolvent, and it does not show that any of them were solvent. When the setttlement between the parties was made, in December, 1868, something was said by Samuel G. Staples to the appellee about these claims, but he claimed no credit on account of them. He did, however, assert such a claim before Commissioner Clark, in 1874, but the claim was not allowed by the commissioner, whose report was confirmed without any exception having been taken to it.

The law is that an attorney who undertakes the collection of a debt, is bound to use reasonable care and skill to collect it, and if he does this, he will not be held responsible to his client if the debt be not collected. *Savings Bank* v. *Ward,* 100 U. S. 195 ; Chitty, Cont. 555 ; 1 Pars. Cont. (6th ed.) 84, note (*x*). He is also entitled to the benefit of the rule that every one is presumed to have discharged his duty, and hence when charged with a violation of duty, the burden of proof is on the party

charging it. Not only is this so, but, in cases of negligence, the extent of the damages sustained by the complainant must be affirmatively shown ; for the attorney is only liable for the actual injury his client has received, and not necessarily for the nominal amount of the demands for collection. 2 Greenl. Ev., sec. 146. Accordingly, when a debt is alleged to have been lost by the attorney's negligence, it must be shown that it was a subsisting debt, and that the debtor was solvent. Weeks, Attys. sec. 283 ; Sherm. & R., Neg. sec. 209.

The appellee testifies that he placed the claims in question in the hands of constables for collection before the late war, and that after the war he informed Samuel G. Staples, one of the executors, when their settlement was made, that the constables had either left the country or were dead, and that most of the claims were worthless. It is not pretended that the appellee has ever collected any money on account of the claims for which he had not accounted, nor is there any proof that loss has resulted to the estate from his conduct of the business entrusted to him; and the rights of the parties must be determined upon the evidence adduced.

The statute, which provides that a constable's official receipt for any claim entrusted to him to warrant for, and recoverable by warrant, shall be, after six months from its date, *prima facie* evidence of the receipt of the money, has been referred to; but the case is not affected by that statute, unless it be as to the question of negligence. Code, sec. 2953. It has been held that an attorney who prosecutes a claim to judgment and sues out an execution upon it, is not bound to institute a collateral action against the sheriff who receives the execution for failing to do his duty, without special instructions to that effect from his client. But whether an attorney who entrusts a claim to a constable for collection which he has himself undertaken to collect, is or is not bound to proceed against such constable for failing to do his duty in respect thereof, is a question not necessary to be decided in the present case. For however that may be, the

attorney is not liable in any case to his client, unless the latter has been injured by his misconduct. And as the evidence here not only fails to show that injury has resulted to the estate, but tends to support the opposite conclusion, the claim of the executors was rightly rejected.

DECREE REVERSED.