## Wytheville.

### ALVEY v. CAHOON AND OTHERS.

#### June 13th, 1889.

1. EJECTMENT—*Judgment—Amendment.*—Under sec. 5, ch. 177, Code 1873, an amendment of a judgment for plaintiffs in ejectment " for their term yet to come in the lands," etc., so as to conform with the plaintiffs' claim and the requirements of the Code, 1849, whereby ejectment was adopted to try titles to, as well as to get possession of, land, was not erroneous.
2. APPELLATE PRACTICE—*Demurrer.*—Where no demurrer is filed to a declaration which states a good cause of action, no errors can be assigned here because of its supposed defects.
3. IDEM—*Dismissed.*—If one writ of error be dismissed for matter merely formal, the effect is, so far as any rehearing is concerned, the same as an affirmance in this court.

Heard at Richmond.   Decided at Wytheville.

Error to judgment of circuit court of Matthews county, rendered in the action of ejectment brought by Cahoon and others, plaintiffs, against Alvey, defendant.   The judgment being for the plaintiffs, the defendant brought the case here on writ of error.   Opinion states the case.

*John B. Donovan,* for the plaintiffs in error.

*McCandlish, Jones & Stubbs,* for the defendants in error.

LACY, J., delivered the opinion of the court. .

The case is as follows: The defendants in error brought their action of ejectment in the said court for the recovery of the possession of the land in controversy, and a jury being mutually waived, the case was submitted to the court on the whole question of law and fact, and a judgment rendered for the plaintiffs for *their term yet to come* in the lands, &c., and a writ granted to the sheriff to cause them to have possession of *their term* aforesaid.

The defendant applied for, and obtained a writ of error to this court, because there was a judgment for a term, whereas the action was not to recover a term, but the possession of the premises, claimed in fee; which writ of error was dismissed here at the January term, 1888. Subsequently the execution issued upon the judgment, was quashed by the circuit court, and, upon motion, the judgment corrected, so as to make the recovery not for a term, but in accordance with the claim of the plaintiff. And thereupon the plaintiff in error again applied for a writ of error, which was awarded. The error assigned now being that the circuit court erred in amending the judgment.

If the original judgment be erroneous in matter of law, one writ of error thereto here having been dismissed and finally determined, it cannot again be enquired into in any court. If dismissed for matter merely formal, as for failure to print, the effect is, so far as any rehearing is concerned, the same as an affirmance in this court. *Woodson, ex'or,* v. *Leyburn,* 83 Va., 843, and cases cited. The judgment having been rendered for the term yet to come, according to the old form in use before the revisal of 1849, the old *ejectione firmæ,* giving a remedy only in damages, and in the reign of Edward IV., it being resolved that a plaintiff in ejectment should recover *possession of his term,* and so adjudged solemnly in 14 Henry VII. *Quod recuperet suum prædictum;* a judgment, as we have said, not warranted by the original edict which goes only to damages for the trespass.

Soon thereafter ejectments were applied to recovering possession of land, and crying titles, as a remedy more simple and less inconvenient and tedious than the multifarious and complicated proceedings in the great variety of real actions. When as a term was to be recovered, a term was created by the claimant, and an ejectment effected against the trespasser in the name of the plaintiff's lessor. (Reeves' H. of E. L., Vol. 4, 241, 242.)   The judge of the court below was moved to amend the judgment, so as to conform to the requirements of our law on ejectments, adopted in the Code of 1849, by which the revisors sought to adapt the action of ejectment to the trial of conflicting titles to real property as well as to the recovery of the possession thereof, and at the same time to strip the remedy of such fictions as were supposed to disfigure it; the real claimant being inserted as plaintiff, and all the provisions of law concerning a lessor of a plaintiff made applicable to him; and no fictitious person allowed to bring such action, and the possession is to be recovered and delivered accordingly, the declaration being required to describe the premises with sufficient certainty to this end.

This motion was granted under the authority of the 5th section of chapter 177 of the Code of 1873, the mistake as to the quantity of estate recovered having been made by following the old form for a judgment in ejectment anterior to the adoption of the Code of 1849, and set forth in the forms and practice of Mr. Conway Robinson, published anterior to the change in the law, and in other old volumes.

Mr. Bouvier, speaking of this action, says, that the plaintiff recovers his term and damages, or damages merely, when the term expires during suit; saying further, when the fictitious form is abolished, however, the possession of the land generally is recovered.   Our statute is a substantial reprint on this subject of the revised statutes of New York, vol. 2, p. 302, and the judgment should be for the real plaintiff according to

his right, and the writ to the sheriff should deliver the premises accordingly.

We think there was no error in the said action of the circuit court. As to the errors assigned because of supposed defects in the declaration, we are of opinion that the declaration is sufficient, there was no demurrer in the court below, and the declaration states a good cause of action.

Upon the whole case, we are of opinion that there is no error in the judgment complained of and appealed from here, and we are of opinion to affirm the same.

JUDGMENT AFFIRMED.