Virginia Lewis, as Administratrix of the Estate of Edwin T. Lewis, Deceased, Respondent, *v.* Olympia Provision & Baking Co., Inc., Appellant.

First Department, June 19, 1953.

*James J. McLoughlin* of counsel (*John J. Kirwan,* attorney), for appellant.

*Esau J. Mishkin* (*Benjamin H. Siff* with him on the brief), for respondent.

*Per Curiam.* At the time of the accident defendant's truck was moving north in Edgecombe Avenue and the passenger car of decedent moving south. A verdict for plaintiff has been returned and we examine the record first to determine the sufficiency of the proof of defendant's negligence to support it.

The only proof adduced by plaintiff on this question is the testimony of a policeman who did not see the accident but who made observations in the street afterward. He said he observed tire or skid marks in the middle of the street which he attributed to defendant's truck. The marks turned to the right toward the place where the truck came to rest.

He also observed tire or skid marks, which he attributed to decedent's car, near the west curb, the right side for decedent. These marks went " at an angle " in a " south, southeast " direction toward decedent's left.

A witness sitting in a taxicab at the corner to the south testified decedent's car was " in the center of the street " and that he had made a truthful answer in a Magistrate's Court hearing in which he had said that at the time of collision the decedent's car was " on the wrong side of the road." The witness also said that decedent " seemingly " had " lost control of his car."

A passenger in defendant's truck testified that the truck was moving north on its own side of the street; that decedent came over from the other side of the street toward his left on an angle and collided with the defendant's truck then still on its own right side of the street. Defendant's driver gave similar testimony.

Only if the defendant's truck be found to have been in the middle of the street and its position be treated as a cause of the accident could liability in negligence be found against defendant, because accepting plaintiff's case in its most favorable aspect, that is the only negligent act of defendant's driver which the record suggests. We regard the verdict in respect to causation as against the weight of the evidence.

Upon the new trial the questions should squarely be presented to the jury to decide whether defendant's truck immediately before the accident was proceeding in the middle of the street; and if the jury find that it was, whether that position in the street would itself be found to be a cause of the accident, and if plaintiff meets the burden on both these matters, the jury should decide whether decedent was negligent in the occurrence of the accident, with the burden of proof on that question resting on defendant.

As the theories of both parties were asserted on the trial, and as the proof actually developed in support of those theories, there seems to us no room left for application of the rule of emergencies for which appellant contends here. We think the Judge was right in not giving the jury the instruction on this rule which defendant sought, since if defendant's theory was right and the truck was on its own side of the street there would be no liability, whatever may have been the cause which brought decedent's car to that side of the street.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the result.

PECK, P. J., GLENNON, COHN, BREITEL and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.