GLORIA MONTES et al., Respondents, *v.* H. C. BOHACK Co., INC., Appellant, et al., Defendants.

First Department, June 21, 1954.

*Archie B. Morrison* of counsel (*Daniel R. Harvey* and *Robert A. Dwyer* with him on the brief; *William S. O'Connor*, attorney), for appellant.

*Joseph Kelner* for Gloria Montes, respondent.

*Morris Bailinson* of counsel (*Paul M. Beer* with him on the brief; *Beer & Bailinson*, attorneys), for Maria Retse, respondent.

CALLAHAN, J.   On February 23, 1952, at about 11:20 A.M., on a highway known as Route 25, one mile west of Smithtown, New York, a collision occurred between a passenger automobile

driven by Maria Retse and a truck owned by the corporate defendant H. C. Bohack Co., Inc., and operated by its driver Fred Durr. Gloria Montes, a sister of Mrs. Retse, and a passenger in her car, was grievously injured. Mrs. Retse also suffered injuries in a lesser degree. Both sisters have recovered verdicts at the hands of a jury against the corporate defendant. The jury found in favor of Mrs. Retse as a defendant in an action brought against her by Mrs. Montes.

Prior to the collision, the Retse car was traveling in an easterly direction and the Bohack truck was proceeding westerly. The highway was a level concrete road of four lanes, two in each direction.

When the collision occurred, the Bohack truck was completely over on the righthand shoulder of the broad highway. In fact, it was against a light pole, which it had struck in trying to avoid the Retse car. The latter car had crossed over two lanes of the highway and hit the Bohack truck with force sufficient to shear a front wheel off the truck.

A third car owned by defendant Harriet S. Rosenberg and operated by Robert H. Rosenberg was traveling easterly ahead of the Retse car in the extreme right lane. The Retse car attempted to pass the Rosenberg car. At that time the Bohack truck appeared around a slight curve coming in a westerly direction. Mrs. Retse said that the truck was "drifting" over into her lane, so that it was straddling the center dividing line of the highway. This was denied by Durr. In any event, Mrs. Retse said she attempted to ease her car behind the Rosenberg car, but instead she caused her front bumper to hook into the rear bumper of the Rosenberg car, which continued in its proper lane at its same speed. As a result of this contact or of Mrs. Retse's loss of control, her car shot across the westbound lanes and into the front of the Bohack truck which, irrespective of its prior location, had by that time been able to get over onto the right shoulder as far as it was possible to go.

The theory of Mrs. Retse and Mrs. Montes was that the Bohack truck by approaching at a rapid rate of speed, with its wheels in the same lane that Mrs. Retse's car was using, had created a threat of impending peril, and that Mrs. Retse was not guilty of any negligence, if she acted with reasonable care to avoid what appeared to be instantaneous disaster, even though her car had come into contact with the Rosenberg car as a result of what she did. Mrs. Montes advances a further contention that there was another ground for her recovery,

irrespective of Mrs. Retse's lack of care, if Durr, the driver of the Bohack truck, when he saw the two passenger cars hooked together, had ample time to bring his vehicle to a stop and failed to do so.

These theories may have some legal basis, but we have difficulty in finding sufficient credible evidence in the record to support the verdict of the jury resolving the issue of Mrs. Retse's contributory negligence in her favor. Nor is there any convincing proof that the position of the Bohack truck created such a threat of immediate peril that its position was the proximate cause of the contact between the two passenger cars.

Mrs. Retse concededly was not an experienced driver. It is a matter of serious doubt whether she was faced with such impending peril as to warrant her, in the exercise of reasonable care, in turning her car to the right so as to bring it in contact with the Rosenberg car at the time and under the circumstances. The Bohack truck was 400 feet away, and was traveling about forty miles an hour. Mrs. Retse's car was going about thirty-eight and Rosenberg's about thirty-five miles per hour. The Retse car had only partly passed the Rosenberg car. There was a dispute as to the extent of the passing. Mrs. Retse's version was that the front end of her car was opposite Rosenberg's front door. A disinterested witness said her front bumper had just passed Rosenberg's rear bumper. Rosenberg's car continued to proceed at the same speed of about thirty-five miles an hour. In any event Mrs. Retse had only to brake her car for an instant, until it would be safe to move to her right. On her own story we estimate she had about four seconds to do so. She failed in this simple driving operation. In the meantime, the Bohack truck, on Mrs. Retse's own version, had started to bear to the right when it was 300 feet away. We think that under these circumstances the finding of the jury that there was no contributory negligence on Mrs. Retse's part is so clearly against the weight of the credible evidence that we must reverse the judgment in her favor and order a new trial in her case.

The plaintiff Montes correctly contends that any contributory negligence of Mrs. Retse would not be chargeable to her. But there is also the question as to whether on this record sufficient evidence was produced to establish negligence on the part of the Bohack driver.

In the light of the closeness of this question, we examine the further assignments of error raised by Bohack.

At the very conclusion of the Judge's exposition of the law this appellant made a request to charge as follows: " I respectfully ask your Honor to charge the jury that, as you have already said, the plaintiff must prove a case substantially as charged, and in this case they must prove, and the jury must find, that the Bohack truck crossed onto the side of the road set aside for eastbound traffic.''

We appreciate that no exception was taken to the denial of this request. But it was a fundamental part of the plaintiff's theory of action to establish that the Bohack truck had crossed the center line, and thus created a threat of impending peril. Although the existence of an emergency had been discussed in the abstract earlier in the charge, and the rule of law applicable to Mrs. Retse's responsibility for her actions in such a situation had been expounded, no concrete exposition of what was claimed to constitute the emergency in the present case had been described. This claim clearly was the fast approach of the truck in the eastbound lane. We think that the denial of the request was error under the circumstances.

A further assignment of error relates to the trial court's submission of an alleged statutory violation as a ground for finding negligence. The statute (Labor Law, § 167) reads in part as follows: " When any driver of a motor truck * * * shall have been on duty continuously for ten hours or at separate intervals for ten (10) hours in the aggregate or less in any fourteen consecutive hours including time for meals, even though part of such time shall have been outside of the state of New York he shall not continue or again go on duty without having had at least eight consecutive hours off duty. The periods of release from duty herein required shall be free from and off the truck or bus and free from work of any kind and shall be given at such places and under such circumstances that rest and relaxation from the strain of the duties of employment may be obtained.''

The trial court advised the jury that if it found a violation of this statute as to Bohack's driver Durr, which was a proximate cause of the collision, such violation was evidence of negligence. The appellant contends that the statute should not have been mentioned at all, as there was no proof of its violation. The testimony showed that Durr had not worked the day before the accident. He went on duty at midnight. Therefore, at the time of the collision he had been out with the truck eleven hours and twenty minutes. He was alone on the vehicle. He had testified

without contradiction that he had taken one hour off from duty for a meal about 5:00 A.M., and had taken three other periods estimated by him as of such duration that they would aggregate fifty-five minutes. He was off the truck at these times in restaurants or rest rooms. If these periods were correctly estimated and were properly deductible, they would reduce the aggregate period that he had been on duty to less than ten hours up to the time of the collision. We think that such periods, if correctly described as to opportunity for relaxation, might be deductible from either of the ten-hour periods referred to in the statute, but not from the fourteen-hour period. Time spent by Durr in unloading the truck would not be deductible. However, this construction of the statute does not mean that there was no basis for submitting its applicability to the jury. Durr, though not sued, was being charged with negligent driving and was not a wholly disinterested witness. His testimony as to the time consumed was based on estimates made by him. The extent of his opportunity for relaxation depended on the recollection as to what he had done. There was evidence as to the total mileage covered by the truck in the day, the number of stops, and the packages unloaded. There was some slight variation in the story of Durr as to the periods of rest. Under the circumstances, we think it was for the jury to say whether Durr had been on duty for more than ten hours in the aggregate up to the time of the collision.

The statute is difficult to construe, but it seems to contain three prohibitions against continuing on duty or again going on duty without having at least eight consecutive hours off duty after (1) continuous duty for ten hours, (2) separate intervals of duty aggregating ten hours within a consecutive fourteen-hour period, (3) any fourteen-hour consecutive period in which any duty was performed although of less than ten hours' duration. In other words, the time for the required eight hours off duty would come at the end of any fourteen-hour period in which any duty was performed or at the point at which ten hours of separate but aggregate duty was reached or whenever ten hours of continuous duty had been performed.

The period of release from duty must be given under circumstances allowing for rest and relaxation. (See 1936 Atty. Gen. 286.) We point out that (1) the continuity of the ten-hour period would be broken by a period of rest that allows opportunity for relaxation and release from all duty, plus absence from the truck, and (2) the aggregate of on-duty hours in any

fourteen-hour period is to be determined by adding periods of work of all kinds in driving, tending, guarding, etc., the truck. In no event, however, may a driver work beyond a period of fourteen consecutive hours without at least eight hours' rest at the end of such period. These fourteen consecutive hours include time off for meals.

The purpose of the statute clearly is to protect the public as well as the driver from fatigue and its consequences resulting from overwork. Therefore, before a violation of the statute may be said to constitute the proximate cause of an accident, there must be a finding by the jury that the driver was in fact experiencing fatigue caused by work in excess of the statutory period and that such fatigue so caused was a contributing factor to the accident.

Violation of the statute alone would not create a cause of action. Violation of the statute could not even be considered a primary cause of the accident. The way the matter would have to be put to the jury and clearly expressed for their understanding, as applied to the instant case, would be that the primary question of negligence for them to determine is whether the truck was over the white line at the time and place of the alleged emergency and whether that position of the truck at that time was the cause of the accident. As bearing upon the issue of whether the driver had lapsed over the line, the jury could consider whether he was likely experiencing fatigue at the time due to excessive duty. The statute would be a relevant consideration only in that connection and consideration of the statute would have to be that closely circumscribed.

We think it was error for the court to submit such an unclear statute to the jury without making its meaning and application to the case more specific.

In the light of the weight of the evidence as to contributory negligence and the matters referred to in respect to the charge, we think that a new trial is warranted as to the verdict in favor of Mrs. Montes as well as that in Mrs. Retse's favor.

As there is no appeal from that portion of the judgment in Mrs. Retse's favor as defendant in the action against her by Mrs. Montes, we may not disturb the judgment in that respect.

The judgment, insofar as appealed from should be reversed and a new trial ordered as to the claims of plaintiffs Retse and Montes against defendant Bohack, with costs to the appellant to abide the event.

Breitel, J. (dissenting). I dissent and vote to affirm on the ground that the testimony of Mrs. Retse as to how the accident occurred is not incredible. A jury may well have found that, as a relatively new and inexperienced driver, she exercised all the care and skill that one in similar circumstances would and should have exercised, and that consequently Mrs. Retse was free from contributory negligence. We cannot say that it was incredible that the drifting of the Bohack truck over into the oncoming lanes of traffic, or that its position, did not create a reasonable " threat of immediate peril ". Defendant Bohack failed to except to the refusal of its request to charge. This failure to except, in view of the main charge, did not put the Trial Justice on sufficient notice, especially since the request related solely to applying the principles of the main charge to the specific facts in proof. No error is assigned to the main charge in this respect.

Peck, P. J., Dore and Bergan, JJ., concur with Callahan, J.; Breitel, J., dissents and votes to affirm in opinion.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post*, p. 803.]