■ SIDNEY KRAMER, Respondent, v. CARL M. LOEB, RHOADES & CO., Appellant.— Order, entered on June 5, 1963, denying motion to dismiss complaint, unanimously reversed on the law, with $20 costs and disbursements to appellant and motion to dismiss granted, with $10 costs, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order entered herein with notice of entry. The complaint attempts to state a cause of action for breach of an agreement to supervise and manage plaintiff's portfolio of stocks. The breach is stated to be defendant's negligent performance and failure to perform the agreement. The allegations are scarcely more than is stated above. While the Civil Practice Law and Rules allows greater liberty in pleading ultimate facts (3013) than was hitherto the rule and consequently motions of this character are to be discouraged, the complaint herein is so barren of facts that it is impossible to determine which transactions out of a great number plaintiff complains about and, hence, admits only of a perfunctory, and possibly incorrect, answer. Concur— Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ WILLIAM WALSH, Respondent, v. RICHARD WILKIE et al., Defendants, DE LUXE AUTO BODY, INC., et al., Respondents, and GEORGE ROSENBERG, Appellant.— Judgment entered in plaintiff's favor unanimously reversed on the law and in the exercise of discretion, and a new trial ordered, with costs to abide the event. In the circumstances of this case, the post-verdict granting of plaintiff's motion to increase the *ad damnum* clause of the complaint was an improvident exercise of discretion. (See *Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282, 284, 285.) It should also be noted that the charge with respect to negligence was too general and too broad. The jury should have been given some guidance with respect to the application of the law of negligence to the facts of the case (cf. *Gangone* v. *Newberry Co.*, 19 A D 2d 539; *Montes* v. *Bohack Co.*, 284 App. Div. 448, 454; *Lewis* v. *Olympia Provision & Baking Co.*, 282 App. Div. 227). Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.