## No. 11,636.

### MARY EMILY KING VS. PAUL L. FOURCHY.

An attorney at law with whom a deposit has been made for costs of suit is responsible in damages to his client if he permits the claim placed in his hands for suit to prescribe.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Omer Villeré* for Plaintiff and Appellee.

---

*Albert Voorhies* for Defendant, Appellant.

---

The opinion of the court was delivered by

McENERY, J. The testimony in the record convinces us of the following facts in this case: That the defendant was employed by the plaintiff to institute a suit for slander against one Salvadore Du-

miglia; that a sum of thirty-five dollars was deposited with plaintiff for costs. That the defendant filed the petition in the suit, and deposited the necessary sum to cover the costs for the filing of this petition; that he neglected to deposit the amount for service of citation, and through his neglect or inattention the demand of plaintiff against the defendant in the suit for slander became prescribed; that another attorney was employed to prosecute the suit, and the defendant on the trial pleaded the prescription of one year, and the plaintiff's demand was dismissed; that the receipt offered in evidence by the defendant in this suit on the return of the money deposited by the plaintiff had no reference to, nor did it include the demand of the plaintiff against this defendant for damages for the neglect to deposit costs for the service of citation in the demand against the defendant in the action for slander; that the plaintiff in the slander suit had a good cause of action, and that had she obtained her judgment for a reasonable amount, the defendant had sufficient property to respond to the judgment.

On these facts the plaintiff, Mary Emily King, brought this suit to recover from the defendant, the attorney first employed by her to prosecute her suit for slander, damages for neglect to prosecute the same, by which prescription accrued, in the sum of five thousand dollars.

The case was tried by a jury. This jury heard all the evidence offered as to the slander and the ability of the defendant to pay the probable amount that would have been assessed had the suit been successfully prosecuted. The defendant is undoubtedly, on the facts stated, responsible for the prescription of the demand, and is therefore responsible in damages. Thompson vs. Lobdell, 7 Rob. 369.

The jury awarded damages to the amount of two hundred dollars. We think the verdict was correct as to amount.

Rehearing refused.