## Mary A. Piper et al., Appellants, v. W. H. Green, Appellee.

1. ATTORNEY AND CLIENT, § 19*—*what must be proved to hold attorney for negligence.* In an action to recover damages from an attorney for alleged negligence in handling a claim of damages against a railroad company, it was incumbent upon the plaintiffs to allege and prove facts showing that they placed in defendant's charge a valid, subsisting claim against a solvent party, and that such claim was lost by the negligence or misconduct of the defendant.

2. ATTORNEY AND CLIENT, § 19*—*when valid claim against third person not shown in action for negligence.* In an action to recover damages from an attorney for alleged negligence in handling a claim of damages against a railroad company, where the plaintiffs failed to establish either the negligence claimed in the declaration, or the exercise of due care of the deceased, there was a failure to show a valid, subsisting claim which was impaired or lost by the negligence of the defendant.

3. CARRIERS, § 460*—*when presumption of negligence inapplicable.* The presumption of negligence of a carrier arising from proof of an accident and injury to a passenger does not arise from the accident itself but from the nature of the accident and the circumstances, and where only the fact of an accident is proved with none of the surrounding circumstances, the doctrine of *res ipsa loquitur* does not apply.

4. TRIAL, § 202*—*when peremptory instruction proper.* If the evidence and the reasonable inferences therefrom do not tend to prove one or more of the material averments of the declaration, it is not error to give a peremptory instruction.

Appeal from the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

ERNEST C. DODGE and W. E. POWELL, for appellants.

CONRAD SCHUL, CURTIS WILLIAMS and NOLEMAN & SMITH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action in case against W. H. Green, an attorney, to recover damages resulting from his alleged negligence in handling a claim for damages against a railroad company, for the negligent killing of J. H. Piper, husband of appellant, Mary A. Piper, and father of the minor appellants, Chauncey D., Jean and Arthur Piper, who sue by Mary A. Piper their next friend.

The declaration in substance alleges that on January 16, 1916, J. H. Piper purchased a ticket at Mt. Vernon, Illinois, from the Louisville and Nashville Railroad Company which entitled him to transportation from Mt. Vernon to Drivers, Illinois; that while said Piper was in the act of boarding a passenger train of said company at Mt. Vernon, and while he was stepping upon the steps of the platform of the passenger car, and while in the exercise of due care for his own safety, the railroad company, by its employees, agents and servants, negligently and carelessly started the train, without warning, and that thereby Piper was jostled and thrown under said train and received injuries from which he died; that appellee was employed as attorney to collect appellants' claim against the railroad company for damages resulting from the death of Piper, and that he negligently failed to take the necessary steps to enforce the claim, until it was barred by the statute of limitations, whereby the claim was lost to appellants. Appellee filed the general issue and a trial was had before the court and a jury. At the close of appellants' evidence the court, on motion of appellee, gave a peremptory instruction directing the jury to find appellee not guilty.

The question which arises from the record in this case is whether the evidence, together with all legal deductions to be drawn therefrom, made out a case under appellants' declaration. If not, then it was not error for the trial court to give the instruction direct-

ing a verdict for the appellee. Justice Farmer in the case of *Priest v. Dodsworth*, 235 Ill. 613, said: "In a suit by a client against his attorney for damages charged to have resulted from the negligent management of business, the burden is on the plaintiff to prove the negligence charged. 'There is no presumption that an attorney has been guilty of a want of care, arising merely from his failure to be successful in an undertaking. On the contrary, he is always entitled to the benefit of the rule that every one is presumed to have discharged his duty, whether legal or moral, until the contrary is made to appear. In a suit against an attorney for negligence, the burden is therefore on the plaintiff to allege and prove every fact essential to establish defendant's duty and a violation of it.' (3 Am. & Eng. Encyc. of Law, 2nd Ed., 384.) 'In a suit by a client against an attorney for negligence in conducting the collection of a claim, whereby the debt was lost, the burden rests on the former to allege and prove every fact essential to establish such liability. He must allege and prove that the claim was turned over to the attorney for collection, that there was a failure to collect and that this failure was due to the culpable neglect of the attorney, and that but for such negligence the debt could or would have been collected.' (Id. 391.) *Pennington's Ex'rs v. Yell*, 11 Ark. 212, 52 Am. Dec. 262, was a suit against an attorney by a client charging him with negligently failing to collect a claim placed in his hands for collection, and it was held the charge must be affirmatively proven and that the claim was a valid, subsisting claim against a solvent party. In Greenleaf on Evidence (vol. 2, sec. 148) the author, in discussing actions by clients against attorneys for damages resulting from the attorney's negligence in failing to collect a claim placed in his hands for that purpose, says: 'In short, the plaintiff has to show that he had a valid claim, which has been impaired or lost by the negligence or misconduct of the defend-

ant.' " Under this statement of the law which is applicable to the issues made by the pleadings in this case, it was incumbent upon appellants to allege and prove facts showing that they placed in appellee's charge a valid, subsisting claim against a solvent party, and that such claim was lost by the negligence or misconduct of appellee. These were material elements, necessary to be alleged and proved. The allegation of facts showing a valid and existing claim are that while the deceased was in the act of boarding the train and while he was stepping upon the steps of the platform of the car, and while in the exercise of due care for his own safety, the train was negligently started without warning, whereby he was jostled and thrown under the train and received injuries from which he died.

To sustain these allegations it was necessary for the proofs to establish that the injury was occasioned by the railroad's negligence and also while deceased was exercising due care for his own safety. The only evidence of the circumstances immediately surrounding the accident was the testimony of two colored women, mother and daughter, who testified that the deceased assisted them to board the train by placing their hand baggage on the platform of the coach; that they boarded the train ahead of deceased; that he was starting up the steps as they entered the coach, and that just after they entered the coach and had probably reached the third seat the train started with no unusual jerk; that they heard some one call just as the train started; that the train was stopped and deceased was found on the tracks with his body badly mangled. The evidence fails to show what caused deceased to fall beneath the train, or what he was doing at the time he fell. It must be conceded it fails to establish either the negligence charged in the declaration, or the exercise of due care for his own safety. Having failed by the proofs to establish either of these two material

matters, appellants failed to show they had a "valid, subsisting claim." Indeed, it is not seriously contended by attorneys for appellants that the evidence does establish the negligence charged, but it is insisted that by showing the purchase of the ticket, the attempt to board the train and the injury, appellants made a prima facie case, the doctrine of *res ipsa loquitur* applied, and therefore the case should have been submitted to the jury.

The claim that mere proof of an accident resulting in injury to a passenger, while in the exercise of due care, raises a presumption that the carrier has been negligent, is too broad. "The presumption arises, however, from the nature of the accident and the circumstances and not from the fact of the accident itself." (*Barnes v. Danville St. Railway & Light Co.,* 235 Ill. 566.) Only the fact of the accident in the case at bar was shown. None of the circumstances surrounding it were proven. Consequently it cannot be held that the doctrine of *res ipsa loquitur* applies to this state of the proof. There is another reason why that doctrine does not apply to this case. In the case of *McFadden v. Chicago, R. I. & P. Ry. Co.,* 149 Ill. App. 298, the court quoted with approval the following language from 3 Thompson on Negligence, sec. 2764: "Nor does the foregoing rule (*res ipsa loquitur*) apply where the occasion of the hurt of the passenger was an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodation, and the reason is that in such cases it is necessary to consider whether there may not have been contributory negligence on the part of the passenger. It is only in respect to those accidents which happen to the passenger while he passively trusts himself to the safety of the carrier's means of transportation, or to the skill, diligence and care of his servants, that the rule applies." In that case the court held that one fact which prevented the

rule of *res ipsa loquitur* from applying was that the person suing was injured while in the act of the voluntary movement of alighting from the train, and the carrier was no longer her exclusive bailee. In the present case the accident occurred while the deceased was engaged in the voluntary movement of boarding the train. He had not yet "passively" intrusted himself to the carrier's means of transportation or accommodation, and the carrier had not yet become his "exclusive bailee."

Again we have seen it was necessary for appellants to allege and prove their claim was against a solvent party. There is no allegation whatsoever in the declaration as to the solvency of the company, and no proof of any nature tending to show its solvency or insolvency. Thus the record presents this condition. The proofs fail to establish the allegations in the declaration of the facts showing the existence of a valid claim and there is neither any allegation nor proof of the solvency of the debtor. Both these elements are material. It is a rule too well established to require citation of authorities, that if the evidence and the reasonable inferences which may be drawn therefrom do not tend to prove one or more of the material averments of the declaration, it is not error to give a peremptory instruction.

Under this rule the judgment in this case must be affirmed.

*Affirmed.*

MR. JUSTICE EAGLETON took no part in the hearing of this cause.