No. 11,870.

LAWSON *v.* SIGFRID.

Decided December 27, 1927.

Action against an attorney for damages alleged to have resulted from neglect of professional duty. Judgment for defendant.

*Affirmed.*

1. DEBTOR AND CREDITOR—*Insolvency—Trial.* Insolvency of a debtor having been shown in evidence is presumed to continue until the contrary appears.

2. ATTORNEY AND CLIENT—*Attorney's Negligence—Damages.* In an action against an attorney for damages for his alleged negligence in failing to collect an amount due on an account stated, the debtor being insolvent nothing could be collected from her, therefore plaintiff suffered no damage even if the attorney was negligent.

3. DAMAGES—*Nominal.* If no substantial damages are recoverable in an action, nominal damages cannot be awarded.

*Error to the District Court of San Miguel County, Hon. Straud M. Logan, Judge.*

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES & KNOUS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as plaintiff and defendant in error as defendant. The former sued the latter (a lawyer) for damages arising from

alleged neglect of professional duty. The trial court, at the close of plaintiff's evidence, sustained defendant's motion for a directed verdict. To review the judgment thereupon entered this writ is prosecuted.

Bessie Kennedy owed plaintiff a sum of money, alleged to have been $820, on account stated. Suit therefor was begun in 1916. In 1919 defendant was first employed to collect and it was agreed that as one step in inducing settlement by George W. Wagner (whom Bessie Kennedy married) an amended complaint should be filed. Defendant never agreed, while this cause was on the docket, to try it, but told plaintiff that if tried other counsel should be employed for that purpose. A motion to make the amended complaint more specific was filed but never called up. In 1923, no settlement having been effected, defendant finally agreed to try the case. It later developed that at the time of such agreement, and unknown to either of the parties, the cause had been dismissed under rule of court for failure to prosecute. Defendant filed a motion to vacate the order of dismissal and that motion was overruled. Thereafter this action was brought in which plaintiff sought to recover the alleged amount of the Bessie Kennedy indebtedness, court costs in the former action, and certain expenses in relation thereto. In directing a verdict therein the trial court held that plaintiff must prove: (1) That defendant was negligent; (2) that plaintiff had a good cause of action against Mrs. Wagner; (3) that if plaintiff had obtained judgment in the case it could have been executed; (4) that as to the latter plaintiff's proof had failed.

From this record it is clear that defendant was not negligent in his efforts to make collection; that he first agreed to prosecute the Wagner suit after it had been dismissed; that Bessie Kennedy had not agreed to pay the sum claimed, but only to endeavor to induce her prospective husband to do so; and that shortly prior to defendant's employment Bessie Kennedy was insolvent.

Plaintiff here contends: (1) That the burden was on defendant to show Mrs. Wagner's insolvency; (2) that he was entitled to recover costs and expenses; (3) that he was at least entitled to nominal damages.

1. Bessie Kennedy's insolvency was shown by plaintiff's evidence and is presumed to have continued until the contrary appears. Chamberlayne on Evidence, Vol. 2, sec. 1047, p. 1244.

2. If Mrs. Wagner was insolvent plaintiff could recover no costs and expenses from her, hence could have lost none by defendant's negligence.

3. Whether this action was intended to be on contract or for negligence the complaint leaves uncertain. The evidence, however, is clear that the cause of action, if any, was the latter. In such a case, no substantial damages being recoverable, nominal damages cannot be awarded. 8 R. C. L. 426.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.