J ohm F. Scileppi, J.
In an action to recover damages for the alleged- malpractice by a certain attorney in the prosecution of a lawsuit, the plaintiff moves to vacate the defendants’ demand for a bill of particulars. The plaintiff contends that the entire demand is improper since it requests particulars *480 concerning ilie alleged canse of action which, the defendants’ attorney was negligent in prosecuting.
In McAleenan v. Massachusetts Bonding & Ins. Co. (232 N. Y. 199) the court stated, at pages 204-205, that: “ one who seeks to hold another responsible for neglect in the conduct of litigation must show that the action which has been neglected would probably have been successful and, therefore, that its neglect has directly resulted in damages measured by the value or amount of the rights which were lost by the default.” It is apparent, therefore, that a plaintiff in an action against an attorney for negligently conducting litigation must show that the original cause of action was good and the actual damages suffered. (Lamprecht v. Bien, 125 App. Div. 811; see, also, Hamilton v. Dannenberg, 239 App. Div. 155.) It is incumbent upon the plaintiff to prove that the original claim would or could have been collected but for the attorney’s negligence. (Schmitt v. McMillan, 175 App. Div. 799; see, also, Vooth v. McEachen, 181 N. Y. 28.)
In the case at bar it is apparent that the defendants ’ demand for a bill of particulars, which among other things concerns itself with the plaintiff’s original cause of action, is proper. (See, generally, Dulberg v. Mock, 1 N Y 2d 54, 57.) The plaintiff’s objections concerning items 13, 14 and 15 are without merit since they merely demand particulars concerning the alleged negligence of the defendants. Accordingly the motion is in all respects denied.