Theodore Velsor, J.
Motion pursuant to CPLR 3211 (subd. 7) to dismiss the complaint as insufficient is granted.
In this action for malpractice the defendant, an attorney at law, allegedly neglected to prosecute an action which the plaintiffs had against 'Cornell University. The complaint alleges that the plaintiff Albert Gross, while a student at Cornell University, was injured when he fell into Cascadilla Gorge. The date of the mishap ■ the location of the dangerous condition on the school campus; the nature of the defect; the act or acts of negligence are not pleaded but it is merely pleaded that the plaintiff fell “ by reason of the negligent maintenance by said Cornell University of the paths or approaches ” to the gorge.
As stated in Schmitt v. McMillan (175 App. Div. 799, 801) ‘1 In an action of this character the plaintiff must allege in his complaint and prove at the trial that but for the negligence of the attorney the plaintiff’s claim could or would have been collected. (Vooth v. McEachen, 181 N. Y. 28; Lamprecht v. Bien, 125 App. Div. 811.) It being necessary for the plaintiff to allege and prove these facts, it necessarily follows that sufficient facts must be set forth to show that the plaintiff had a good cause of action against whom the claim was asserted” (emphasis supplied). (See, also, Leavy v. Kramer, 34 Misc 2d 479; Sikora v. Steinberg, 40 Misc 2d 649, affd. 20 A D 2d 852.) CPLR 3013 has not eliminated the need to be factual (Kramer v. Loeb, 20 AD 2d 634).
In addition to not alleging facts to show a good cause of action against Cornell, the plaintiffs have not submitted an affidavit to show the merit of that claim. Such affidavit is necessary in order to get permission to replead (CPLR 3211, subd. [e]).
The defendant movant has buttressed his motion with an affidavit as permitted by CPLR 3211 subd. (e) to show that after he was retained by the attorney of record, Jacob M. Shapiro, Esq., to act as trial counsel for the plaintiffs in Tompkins County, the attorney of record was kept informed by the Clerk of the Supreme Court of Tompkins County or by Mr. Justice Zeller regarding the necessity for a trial when the cause was reached *799 in October, 1962 even though the defendant was then actually engaged in a trial in Oneida County which would not permit him to be present. He also avers that his services were terminated by the attorney of record in the Summer of 1963. No affidavit has been submitted by the plaintiffs or by Shapiro to contradict the averments of the defendant.
In a motion pursuant to CPLB, 3211 (subd. [e]) the court may consider evidence on the motion and treat the motion as one for summary judgment (CPLB 3211, subd. [c]). Here the absence of any evidence by the plaintiffs to buttress their claims warrants summary judgment dismissing the action since it appears that there is no merit to the claim against the defendant even if there were a meritorious cause of action against Cornell. Clearly if the attorney of record was familiar with the progress of the cause on the calendar, was aware of the dismissal for nonappearance in October, 1962, and terminated the services of the defendant in the Summer of 1963, the defendant may not be charged with malpractice by the plaintiffs. Particularly is that true since the time to move to restore the cause to the calendar had not expired under rule 302 of the Buies of Civil Practice and would not expire until October, 1963.