**Paul SITTON**
v.
**Hal H. CLEMENTS, Jr.**
**Civ. A. No. 5265.**

United States District Court
E. D. Tennessee, N. D.
May 11, 1966.

v. National City Bank, 274 F. 200 (5 Cir. 1921).

**64**

Norman D. Lane, John William Nolan, III, Nashville, Tenn., for plaintiff.

Jerome Templeton, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This case is before the Court on defendant's motion to set aside the verdict of the jury and the judgment entered pursuant thereto and for a new trial. In support of the motion, six separate grounds are urged.

It is asserted in the first ground that the verdict is contrary to law. This ground appears to be too general to analyze and what is to be said in considering the other contentions made by the defendant, where applicable, will apply.

Grounds 2 and 3 relate to the sufficiency of the evidence. In the opinion of the Court the evidence created issues for the jury on the question of liability or nonliability and there is substantial evidence to support the verdict of the jury on this question and grounds 2 and 3 are, therefore, overruled.

Ground 4 asserts that the verdict is excessive and appears to have been given under the influence of passion, caprice and sympathy.

Ground 5 asserts that the verdict far exceeds any amount that plaintiff could have collected from Fuller and is, therefore, excessive and contrary to law and contrary to the charge of the Court.

These grounds will be considered together as they are closely related and require a brief review of the background of the circumstances leading up to the assault and battery which gave rise to the criminal prosecution of Fuller and the present action.

Plaintiff was shot with a .38 caliber pistol by Fuller on December 4, 1959 in a tavern in Knoxville, Tennessee, across the street from the Local 51, Sheet Metal Workers Union Building. Fuller was Business Agent of this Union and plaintiff was one of its members. The bullet entered a portion of plaintiff's spinal column and resulted in permanent paralysis to his body from the waist down.

Plaintiff retained defendant to assist the State in the prosecution of Fuller and to file a civil suit against Fuller. Defendant aided in the prosecution of Fuller, which resulted in a verdict of guilty of simple assault and Fuller was fined $500.00 for simple assault and a jail sentence was added by Judge Bibb on the offense of carrying a pistol. The sentence was served. The civil action was never filed. The written contract signed by the defendant provided that the defendant was to institute suit for plaintiff and to receive 50% of any sum that was recovered. Defendant was paid or caused to be paid by plaintiff or plaintiff's friends for his services in the criminal prosecution.

Defendant denies that he breached the contract to institute the civil action under the circumstances that existed. He contended that it would not have been proper to have filed a civil action since there was no chance of recovery against the Union. He also contended that a recovery against Fuller was doubtful and that any judgment obtained was non-collectible. Defendant stated that he advised plaintiff that the trial of the criminal case had been continued to a date beyond the dead line for the institution of the civil action and advised plaintiff that if a civil suit was instituted while the criminal case was pending that it would damage the prospects for a conviction. Defendant testified that plaintiff advised him, in effect, that he was more anxious to convict Fuller than to pursue the civil suit. Defendant testified that it was under these circumstances that plaintiff decided against the institution of the civil suit.

Since the suit was not instituted within one year from the date of the accrual of the action, it is barred by the one-year statute of limitations of Tennessee.[1]

The case was submitted to the jury under the respective theories of the parties. The jury was told in effect in the charge that if plaintiff was entitled to damages he could only recover what he could have recovered against Fuller, less the costs, including 50% of any recovery to his attorney for attorney's fee. (As previously stated, defendant accepted the civil case on a 50% contingent fee basis.) The jury was also told that the burden of proof was upon plaintiff to show that he was entitled to damages from Fuller and that Fuller was solvent.

A verdict was returned in favor of the plaintiff and damages fixed at $162,-500.00.

At the time of the tragic episode, plaintiff was thirty-seven years of age and earning a wage of $3.35 per hour as a sheet metal worker. His hospital, medical, nurses and doctors' expenses to the date of trial were $16,733.17.

At the time of the shooting, Fuller was making $186.00 per week, plus expenses. The shooting occurred on December 4, 1959. In December, 1963 Fuller purchased a home for a consideration of $16,-300.00, with a cash payment of between $1,200.00 and $1,500.00, and agreed to pay the balance at the rate of $153.00 per month. He purchased a lot located on the back side of Gatlinburg, one or two years before the trial, and paid therefor the sum of $650.00. He owns an unimproved lot in Loudon County worth about $2,500.00. He purchased a lot off of Fitzgerald Road for $5,000.00. He owes $800.00 or $900.00 on this lot. He purchased a lot which adjoins his home shortly after he purchased his home and paid therefor $1,200.00. He bought a Chevrolet automobile in 1960. He purchased a 1965 Oldsmobile and title thereto was vested in the name of his wife. He owned in 1965 about $500.00 of Holiday Inn stock and $500.00 of RCA stock. He paid $250.00 per acre for the 20-acre parcel of land that he now owns and would sell it for a price of $400.00 per acre. He now earns $12,000.00 per year exclusive of expenses. He earned $135.00 per week immediately after he was released from jail and before he was re-hired as a business agent. He has invested approximately $12,900.00 since

1. T.C.A. § 28-304.

getting out of jail. He stated that he and his wife own all of the foregoing property jointly; that he did not have any money at the time he began his jail sentence or when he was released from jail. He has three children. He received from the Union from January to December, 1960 the sum of $9,672.00. The total amount that he has received as wages since December, 1959 to April 5, 1966 was $36,374.00. He received from January to December, 1965 $12,155.00. He has received from January, 1966 to the date of trial approximately $2,925.00.

In the case of Collier v. Pulliam and Lane, 81 Tenn. 114 (1884), an attorney was sued for failure to bring suit upon accounts placed in his hands for collection. The Court held that the burden of proof was upon plaintiff to show that defendant was negligent in failing to institute suit within the required time and that the accounts were collectible before there could be a recovery. See 45 A.L.R. 2d 1, et seq. and 63 et seq. for a discussion of the question when an attorney may be held liable for negligence for breach of contracts of employment and the measure of damages.'

It is forcibly argued that the $162,-500.00 award was equivalent to a $325,-000.00 award since plaintiff was required to pay a 50% contingent attorney's fee on whatever award that he obtained. Defendant argued that this amount is so large that it should shock the conscience of the Court and compel the conclusion that the jury lacked understanding of the controlling principles of the case or ignored them out of sympathy for plaintiff or prejudice against Fuller.

In support of this assertion, the case of Ford Motor Co. v. Mahone, 4 Cir., 205 F.2d 267, is cited. In that case, the jury rendered a verdict of $234,330.00 damages and the Court held that the District Court should have set it aside for excessiveness instead of merely requiring a remittitur, especially in view of a juror's misconduct in attempting to send to plaintiff's counsel a message designed to aid him in the conduct of the case during the trial.

It is to be observed that the facts of this case are distinguishable from the facts in the present case.

Defendant argues further that the $162,500.00 award could not have been collected from Fuller and for this reason a new trial should be granted. In support of this argument, defendant cites the cases of Collier v. Pulliam and Lane, supra, and Schmitt v. McMillan, 175 App. Div. 799, 162 N.Y.S. 437.

The New York case held that before there could be a recovery in a malpractice suit against an attorney, plaintiff was required to prove that careful management of the case would have resulted in recovery and collection of the same.

Under the Tennessee law, a judgment is good for ten years and may be renewed, if renewed within the ten-year period, for another ten years, etc.[2]

We believe that it is reasonably clear that all of the $162,500.00 could not have been collected from Fuller if judgment had been obtained before his sentence to jail or immediately after he was released from jail. The jury could have found from the evidence that some part of this amount could have been recovered from him. The jury could have also found that at the rate of his accumulation of property that additional amounts could have been collected from him from time to time to the date suit was tried, namely, April 5, 1966.

We do not understand that the suit was tried on the primary theory that judgment could have been obtained against the Union along with the defendant. The proof on this question is not clear. Fuller stated that on the day of the shooting he had been to Chattanooga and after returning from Chattanooga went to the Union Hall to do some work. That he ran into a young man at the Hall who was going to leave and asked him to buy him a beer at the tavern. That he went to the tavern with this young man and ran into plaintiff when an

---

2. T.C.A. § 28–310, and Shepard v. Lanier, 192 Tenn. 608, 241 S.W.2d 587.

argument started and plaintiff drew a weapon on him which caused him to shoot in self-defense.

Defendant argues that it would have taken plaintiff 23 years to earn $162,500.00 and 46 years to earn $325,000.00 and that he would have been eighty years of age when he earned the $325,000.00; that no evidence was introduced as to the life expectancy of either plaintiff or Fuller and that there was no basis for the jury to consider plaintiff's future earnings or the collectability of a judgment against Fuller. Defendant contends that there is no basis to sustain the $162,500.00 judgment and that this Court should weigh the evidence and determine whether it is against the verdict.

■■ This Court does not sit as a thirteenth juror as do the Tennessee state trial judges. Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119. The function of this Court is to determine whether there was substantial evidence to sustain the verdict of the jury.

From the evidence as a whole, the Court cannot say that the verdict resulted from passion, prejudice, sympathy, or pity, or a combination thereof.

■ If plaintiff's suit had been filed against Fuller and the jury had found in his favor, the amount of the award may not have been considered excessive by the defendant in view of plaintiff's age, earning power and extremely serious injuries. But the rules of law in that case would not have been the same as in the present case. Liability in the present case is based upon the theory that defendant breached his contract in negligently failing to institute suit within one year from the date of the accrual of plaintiff's cause of action against Fuller. The burden of proof was upon plaintiff not only to show that the defendant negligently breached his contract, but also if suit had been instituted he could have recovered a judgment from the defendant, the amount of such judgment, and that defendant was solvent.

■ It is the opinion of the Court that the present award of $162,500.00 is substantially more than plaintiff could have recovered and collected from Fuller. For this reason, the Court is of the opinion that the award is excessive and so excessive as to require a remittitur. A remittitur is, therefore, granted in the amount of $81,250.00. If the remittitur is accepted within ten days, the motion for a new trial is overruled; but if not accepted within that time, a new trial is granted.

The sixth ground of the motion relates to the charge. In the opinion of the Court it did not commit prejudicial error in its charge and this ground of the motion is likewise overruled, subject to the acceptance by plaintiff of the remittitur.