**Paul K. SITTON, Plaintiff-Appellee,**

v.

**Hal H. CLEMENTS, Jr., Defendant-Appellant.**

**No. 17402.**

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1967.

Jerome Templeton, Knoxville, Tenn., for appellant.

Norman D. Lane, Nashville, Tenn. (John W. Nolan, III, Nashville, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is a suit for breach of contract filed under federal diversity jurisdiction. 28 U.S.C. § 1332 (1964). Plaintiff Sit-

ton, a resident of North Carolina, sued defendant Clements, a Tennessee lawyer, for failing to file a personal injury action for Sitton before it was barred by the statute of limitations.

Background facts show that in the course of an altercation on December 4, 1959, one John E. Fuller, a representative of the Sheet Metal Workers Union, shot plaintiff Sitton. The bullet lodged in Sitton's spine, rendering him a paraplegic. Sitton employed Clements as an attorney to represent him on March 18, 1960. The contract consisted of a letter signed by plaintiff Sitton:

"I, Paul Kansas Sitton, hereby employ Hal H. Clements, Jr., to represent me in any and all matters growing out of my injury by being shot by John Fuller as an individual as an officer of the Sheet Metal Workers Union, of said International Union or Local 51 of said union. I agree to pay him a contingent fee of 50% of any and all amounts recovered therein."

Defendant Clements endorsed thereon:

"I hereby accept employment on the above terms."

Fuller was indicted for felonious assault. In January 1961 he was tried and convicted of assault and battery. At the conclusion of the trial (during which Clements aided the prosecution) Clements told Sitton that his personal injury action was barred by statute. The applicable Tennessee statute of limitations, T.C.A. § 28–304, provides a one-year limitation on actions for personal injuries.

Sitton filed this suit on April 12, 1965, over five years after the shooting and over four years after the barring of his personal injury action. The case was tried in the United States District Court for the Eastern District of Tennessee, Northern Division; and a jury awarded Sitton $162,500.[1]

The District Judge in effect had charged the jury that Clements, under the contract, was entitled to 50 percent of the potential recovery from Fuller, and hence, that in this suit Sitton was only entitled to half of the probable recovery if suit had been filed against Fuller.

On motion for new trial, regarding the verdict based on this charge as contemplating a probable recovery against Fuller of $325,000, the District Judge held the verdict to be excessive in terms of collectibility and ordered a remittitur of $81,250. Plaintiff accepted the remittitur and defendant appealed.

The principal issue on appeal pertains to what statute of limitation applies to the instant suit. Appellant claims that this action is one for injury to personal property (i. e., to Sitton's right of action for personal injuries), and hence, barred by T.C.A. § 28–305, which provides a three-year limitation on such suits.

Appellee contends that this is a suit for breach of contract, and hence governed by T.C.A. § 28–309, which provides a six-year limitation for such actions.

█ Like the District Judge, we believe the complaint filed herein is an action for breach of contract, and hence, governed by the six-year limitation. The Supreme Court of Tennessee has recently passed upon the identical problem posed here. Hillhouse v. McDowell, 410 S.W.2d 162 (Tenn.1966). We read this decision as holding that the six-year limitation, T.C.A. § 28–309, applied.

█ The only other issues of substance in this appeal pertain to claims of excessiveness of the verdict, even after the remittitur. Here the thrust of appellant's argument is not directed to any claim of insignificance of Sitton's injuries but to the improbability of collection against Fuller. This issue was tried extensively before the jury which ruled adversely to appellant on the facts. The District Judge made a careful analysis of the collectibility issued and ordered a remittitur of one-half of the jury verdict, which the appellee accepted. We do not

---

1. Since the trial, Sitton has died. A suggestion of death has been filed and this proceeding has continued in the name of his widow, as administratrix of his estate.

find this revised judgment so "grossly excessive" as to warrant our setting it aside. See Gault v. Poor Sisters of St. Frances, 375 F.2d 539 (6th Cir. 1967).

Affirmed.