## 51829. McDOW v. DIXON.

STOLZ, Judge.

The plaintiff and the defendant in this legal malpractice suit were formerly client and attorney, respectively. The plaintiff's claim is predicated on the alleged negligence of the defendant in failing to file an action for damages on the plaintiff's behalf within the statute of limitation.

Although every action grounded in negligence requires proof of a duty which was breached, resulting in injury to the plaintiff, a claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he would have prevailed in the original litigation. "An action for the negligence of the attorney in the unskillful conduct and management of litigation is for the value of the claim lost through such negligence. The claim must be valid, and every fact essential to its validity . . . must appear, and it must further appear that the party against whom the claim was asserted was solvent. 5 Thomp. Neg. § 6698; 6 Corpus Juris, 710; Pennington v. Yell, 11 Ark. 212 (52 Am. D. 262); Staples v. Staples, 85 Va. 76 (7 SE 199); Civil Code of 1910; § 4390. The foregoing is simply an application of the doctrine, everywhere recognized, that a party

claiming damages must prove not only the wrong, but the amount of his damage as well." *Jones v. Wright,* 19 Ga. App. 242, 244 (91 SE 265).

In effect, the plaintiff-client must prevail in two distinct claims tried in the same lawsuit. For his part, "[t]he [defendant] attorney stands in exactly the same position as that in which the defendant in the lost suit would have stood in the trial against [the client], and is entitled to present to the jury every fact that would have tended to lessen the damages against that [original] defendant." Gibson v. Johnson, 414 SW2d 235 (Tex. Civ. App. 1967). The net effect is that the lost claim becomes part of the subsequent malpractice action. A client suing his attorney for malpractice not only must prove that his claim was valid and would have resulted in a judgment in his favor, but also that said judgment would have been collectible in some amount, for therein lies the measure of his damages.

This requirement that solvency be shown is both longstanding and widespread. See, e.g., Pennington's Exrs. v. Yell, 11 Ark. 212 (3) (52 AD 262) (1850); Staples' Exrs. v. Staples, 85 Va. 76 (8) (7 SE 199) (1888); King v. Fourchy, 47 La. Ann. 354 (16 S 814) (1895); Lawson v. Sigfrid, 83 Colo. 116 (262 P 1018) (1927); Piper v. Green, 216 Ill. App. 590 (1920); Hammons v. Schrunk, 209 Ore. 127 (305 P2d 405) (1956); Campbell v. Magana, 184 Cal. App. 2d 751 (8 Cal. Rptr. 32) (1960); Floro v. Lawton, 187 Cal. App. 2d 657 (10 Cal. Rptr. 98) (1961); Gross v. Eannace, 44 Misc.2d 797 (255 NYS2d 625) (1964); Leavy v. Kramer, 34 Misc.2d 479 (226 NYS2d 349) (1962); Gay & Taylor, Inc. v. American Cas. Co., 53 Tenn. App. 120 (381 SW2d 304) (1964); Christy v. Saliterman, 288 Minn. 144 (179 NW2d 288) (1970); Kohler v. Woollen, Brown & Hawkins, 15 Ill. App. 3d 455 (304 NE2d 677) (1973); Jackson v. Urban, Coolidge, Pennington & Scott, 516 SW2d 948 (Tex. Civ. App. 1974); Glasgow v. Hall, 24 Md. App. 525 (332 A2d 722) (1975).

Solvency as used herein is not intended to imply a bankruptcy-type standard, but rather is intended to illustrate the original defendant's ability to pay a judgment, had one been rendered against him. For example, in Theobald v. Byers, 193 Cal. App. 2d 147 (13

Cal. Rptr. 864) (1961), a client sued his attorney when the attorney, who had prepared a chattel mortgage, failed to file it. The debtor on the note subsequently went into bankruptcy and the client thus became a general creditor. The debtor's bankruptcy before the note's maturity date was of no consequence since, had the security interest been perfected, the client could have obtained the full face amount of the note out of the bankrupt's estate.

Thus, the essence of this requirement is that the malpractice plaintiff show that he could have recovered a judgment in an amount which was collectible. A good illustration appears in Sitton v. Clements, 257 FSupp. 63 (E. D. Tenn. 1966), wherein a plaintiff had recovered some $162,000 against his lawyer for the latter's failure to institute a civil assault suit within the prescribed time. However, on appeal, the court granted a remittitur in the amount of $81,000 based on evidence that the plaintiff's assailant could not have satisfied the $162,000 judgment either before or immediately after serving a jail sentence for the same assault.

As in other tort actions, a malpractice judgment may be reduced if the negligence of the plaintiff has contributed to his loss. In Theobald v. Byers, supra, the California Court of Appeals reduced the award given the plaintiff for his attorney's failure to perfect his security interest. Even though the plaintiff could have received only that proportion of his claim which was allotted to general creditors (16%), the court found him to be negligent in failing to file any claim at all against the bankrupt's estate. Therefore, the verdict in his malpractice suit was reduced by 16% notwithstanding the established negligence of his attorney in failing to perfect the chattel mortgage.

The foregoing solvency requirement is an exception to the general rule that wealth has no relevance to, and is inadmissible in, the trial of a civil suit for damages. This is because a litigant's financial condition normally has no probative value as to any of the contested questions, but serves to prejudice jurors as to the general liability of a defendant. In certain situations, however, wealth or position is necessarily involved, as for example in establishing that a normally immune entity is amenable

to suit. Compare *Northwestern University v. Crisp,* 211 Ga. 636 (2) (88 SE2d 26) with *Cox v. DeJarnette,* 104 Ga. App. 664 (1) (123 SE2d 16).

In this type of legal malpractice case the possession of assets by the original alleged tortfeasor is not essential to the plaintiff's ability to bring the malpractice suit. However, the possession of some assets by the original alleged tortfeasor is essential to the plaintiff's ability to collect a judgment. Generally, evidence of the parties' worldly circumstances would be inadmissible, because of prejudice and lack of relevancy, in determining the issue of liability, i.e., whether or not the plaintiff had a valid claim for damages against the original alleged tortfeasor, and if so, its value in money. Once these two questions have been decided favorably to the plaintiff, it is then proper to allow the introduction of evidence of the original alleged tortfeasor's worldly circumstances, financial status, assets, insurance coverage, ownership or other interest in real and personal property, etc., to determine the ability of the original alleged tortfeasor to satisfy, in whole or in part, what has been determined to be the plaintiff's damages. It is this latter amount of money that determines the financial liability and responsibility of the legal malpractice defendant, assuming professional negligence has been determined.

In this case the plaintiff's damage, if any, was her loss of a personal injury claim against the Decatur School of Ballet. Therefore, it was necessary that the plaintiff prove that the claim was a valid one and that Decatur School of Ballet was able to pay the claim or some part thereof. *Jones v. Wright,* supra, p. 244. However, there was no direct evidence of the school's solvency. In his answer, the defendant alleged that the Decatur School of Ballet had no insurance coverage for this type of claim. The record reveals that an insurance company made an offer to settle the claim for $2,500, which was refused. The record also reveals that the defendant felt that he had been lied to about the non-existence of insurance coverage. Assuming, arguendo, that there was liability insurance covering the incident in question, its provisions were nowhere shown. Furthermore, no business records or financial statements are in the record, nor is there any

evidence of the school's ownership of or interest in real or personal property or other assets.

This case was not tried in the bifurcated manner discussed above. Nevertheless, construing the evidence below most strongly in favor of supporting the judgment, we hold that, at best, the plaintiff proved the ability of Decatur School of Ballet to satisfy a judgment against it in the sum of $2,500. Accordingly, the judgment of the trial court is affirmed on condition that the same be reduced to $2,500 at the time the remittitur from this court is made the judgment of the court below; otherwise reversed and remanded for new trial consistent with this opinion. *Southern R. Co. v. Groover,* 41 Ga. App. 746 (6) (154 SE 706).

*Judgment affirmed on condition. Bell, C. J., and Clark, J., concur.*

ARGUED FEBRUARY 2, 1976 — DECIDED APRIL 6, 1976.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., F. Clay Bush,* for appellant.

*Herman, Nordin & Ridley, Robert L. Herman, Julius Alembik,* for appellee.