**PICKENS, BARNES & ABERNATHY, a Partnership, Appellant,**

v.

**Germaine F. HEASLEY, Appellee.**

No. 66448.

Supreme Court of Iowa.

Jan. 19, 1983.

James W. Crawford and Elizabeth A. Brown, Cedar Rapids, for appellant.

Bruce Washburn, Iowa City, for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves rules on damages in legal malpractice actions.

The present posture and the facts of the case are as follows. Germaine F. Heasley owned a beauty salon on leased real estate. She sold it on contract to Carroll and Serena Weaver for $20,000. The Weavers paid $6000 down and made some monthly payments on the contract, but then defaulted and abandoned the salon. The landlord arranged for another beautician to operate the salon, and held that revenue in escrow.

Heasley employed Pickens, Barnes & Abernathy (Pickens), attorneys, to sue the Weavers on the contract, and Pickens did so. The Weavers counterclaimed for damages on the ground that Heasley misrepresented the income of the salon. A jury denied Heasley's claim and awarded the Weavers damages of $6000 on their counterclaim. Heasley paid the judgment and costs and also paid Pickens a fee. That lawsuit is terminated.

Pickens then sued Heasley asking attorney fees for services rendered in the Weaver lawsuit and alleging that Heasley's prior remittance was only part payment. Heasley counterclaimed, alleging that Pickens conducted the Weaver lawsuit negligently to Heasley's damage. At trial of the second action Pickens moved on several grounds for a directed verdict. One ground of the motion was that Heasley had not shown a judgment for Heasley against the Weavers in the first action would have been collectible. Pickens also asked that the jury be instructed Heasley had to prove the collectibility of such a judgment. The trial court overruled the motion and request. Pickens did not make a motion to withdraw, as an item of damages, Heasley's demand for the amount of the judgment she would have obtained against the Weavers but for Pickens' alleged negligence. The jury denied Pickens' claim and awarded Heasley $60,000 damages on her counterclaim.

Pickens moved for judgment notwithstanding verdict and for new trial. The trial court overruled the former motion but granted the latter on the ground the verdict was excessive in that the jury must have taken emotional distress into consideration notwithstanding no such item was submitted for jury consideration. Pickens appealed.

In the appeal Pickens contends the trial court should have sustained its motions for directed verdict and judgment notwithstanding verdict, because Heasley did not introduce substantial evidence that a judgment against the Weavers was collectible. Pickens also contends the trial court should have instructed the jury Heasley had to establish that a judgment against the Weavers would be collectible.

■ I. In a legal malpractice action, the general measure of damages is "the amount of loss actually sustained as a proximate result of the conduct of the attorney." 7A C.J.S. *Attorney & Client* § 273a (1980); *see* 7 Am.Jur.2d *Attorneys at Law* § 226 (1980).

Two ways that legal malpractice losses occur are negligence in an attorney's *prosecuting* or *defending* damage actions. These are the two ways allegedly involved here. Although only one prior lawsuit occurred— the Weaver case—that lawsuit involved both a claim *by* the client Heasley and a counterclaim *against* her, and she contends Pickens' negligence caused her to lose both of them.

■ II. The distinction between these two main ways losses occur is significant

here because of differing damage rules. As the general measure is the loss "actually sustained," when the loss arises from negligently *prosecuting* a prior case the client has the burden of proving not only the amount of the judgment he would have *obtained* but for the negligence, but also what he would have *collected*. If the solvency of the prior defendant is known beyond question—for example, a tort claim against the state or an insurance claim within policy limits—a court may hold without other proof that the entire judgment would have been collectible. But if the prior defendant was an individual or other entity whose solvency is not known beyond question, the client must introduce substantial evidence from which a jury could reasonably find that a prior judgment would have been collectible in full, or could reasonably find the portion of the judgment which would have been collectible. In malpractice cases of this sort the client is limited in any event to the amount which could have been collectible.

This question was previously raised before us, *Baker v. Beal,* 225 N.W.2d 106, 113 (Iowa 1975), but we did not decide it as the point had not been raised at trial. Cases which deal with the question include *Floro v. Lawton,* 187 Cal.App.2d 657, 10 Cal.Rptr. 98 (1960); *McDow v. Dixon,* 138 Ga.App. 338, 226 S.E.2d 145 (1976); *Piper v. Green,* 216 Ill.App. 590 (1920); *Hoppe v. Ranzini,* 158 N.J.Super. 158, 385 A.2d 913 (1978); *Titsworth v. Mondo,* 95 Misc.2d 233, 407 N.Y.S.2d 793 (1978); *Schmitt v. McMillan,* 175 App.Div. 799, 162 N.Y.S. 437 (1916); and *Collier v. Pulliam,* 81 Tenn. 114 (1884). *See King v. Fourchy,* 47 La.Ann. 354, 16 So. 814 (1895).

■ II. When the loss arises, however, from negligently *defending* a prior case, the collectibility requirement is not involved. The loss "actually sustained" from the adverse judgment in the prior case is the amount of that judgment including costs. 7 Am.Jur.2d *Attorneys at Law* § 226, at 270 (1980) ("Where an attorney is engaged to defend an action that is lost by his negligence, the amount of the judgment suf-

fered by the client is a proper element of recovery in a malpractice proceeding against the attorney."); Annot., 45 A.L. R.2d 62, 67 (1956).

■ III. In the present case the trial court erred in refusing to instruct on the collectibility requirement as to the part of Heasley's malpractice claim based on negligence in failing to obtain judgment against the Weavers.

IV. As to the trial court's overruling Pickens' motions for directed verdict and judgment notwithstanding verdict on the malpractice counterclaim, Heasley did not introduce substantial evidence from which a jury could reasonably find that a judgment against Weavers would be collectible in full or in an ascertainable part. The jury was left to speculation except for contrary evidence Pickens introduced indicating that the Weavers were insolvent. A jury must be provided with facts affording a reasonable basis for ascertaining the loss. *Conrad v. Dorweiler,* 189 N.W.2d 537, 540 (Iowa 1971) ("facts affording a reasonable basis for ascertaining the loss"). If Heasley's damage counterclaim had been solely for negligently *prosecuting* the prior case against the Weavers, Pickens' motions for directed verdict and judgment notwithstanding verdict would have been good.

Heasley's damage counterclaim, however, was also for negligently *defending* against the Weavers' counterclaim. As a result of Heasley's loss on that counterclaim, Heasley was compelled to pay the Weavers $6000 and also to pay the costs. In addition Heasley paid attorney fees. *See* 7 Am.Jur.2d *Attorneys at Law* § 226, at 270 (1980).

■ Here Heasley had an "actual loss" of $6000, costs, and attorney fees as a recoverable item of damages from Pickens if she established malpractice. While Heasley did not introduce substantial evidence that a judgment against the Weavers was collectible, Pickens did not make a motion to withdraw that item of damages. Pickens moved instead for a directed verdict. Although one of the grounds of the motion for directed verdict was that Heasley could not re-

cover damages from Pickens for Heasley's failure to obtain judgment against the Weavers, Heasley also had the damage item of $6000, costs, and attorney fees which was in fact established. Consequently the trial court could not direct a verdict for Pickens. The court did not err in overruling the motions for directed verdict and judgment notwithstanding verdict.

The entire case thus stands for new trial on remand.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.