**TAYLOR OIL COMPANY, Plaintiff and Appellant,**

v.

**Anthony WEISENSEE, Defendant and Appellee.**

**No. 13817.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1983.

Decided May 18, 1983.

David V. Vrooman, Sioux Falls, for plaintiff and appellant.

Steven L. Jorgensen, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

This appeal arises from a legal malpractice action brought by a client, Taylor Oil Company (Oil Company), appellant, against its former attorney, Anthony Weisensee (Attorney), appellee. The trial court dismissed the Oil Company's complaint against Attorney and Oil Company appeals. We affirm.

Oil Company employed Attorney on a contingent fee basis to collect on a past due account in the sum of $107,300.20 from Russ Ripley (Ripley). On August 22, 1980, Attorney, acting on behalf of Oil Company, caused a summons and complaint to be served on Ripley for collection purposes. On May 29, 1981, Attorney, without the consent or knowledge of Oil Company, stipulated with Richard Braithwaite (Braithwaite), an attorney for Ripley, that Interstate Services, Inc. (Interstate) could be substituted as the real party.defendant in the place of Ripley. Although the deposition of Ripley taken prior to entry of the judgment did not indicate that Ripley was claiming Interstate was the real party in interest, subsequent to the deposition this information was conveyed by Ripley to Braithwaite. It was on that basis that Braithwaite approached Attorney and thereafter obtained a stipulation permitting the substitution of the parties. On August 20, 1981, a judgment was entered in favor of Oil Company against Interstate in the sum of $107,300.20.[1] Attorney did not inform Oil Company of the entry of this judgment. Apparently, at the time that judgment was entered, Attorney had knowledge that Interstate was in effect judgment-proof.

Since the judgment against Interstate was not collectible, Oil Company initiated this action against Attorney for legal malpractice. At trial, Oil Company contended that the failure of Attorney to obtain its permission and consent prior to substituting Interstate for Ripley constituted actionable negligence. The trial court agreed but, nevertheless, held that since Oil Company could not have collected damages from Ripley due to his insolvency, it would not be awarded a judgment against Attorney. Oil Company appeals, contending that it must prove only that a portion of the judgment was collectible.

In the instant case, both parties presented evidence to the court without a jury at a hearing on February 2, 1982. The court heard additional evidence at a hearing on March 19, 1982, concerning the financial status of Ripley. After determining that Oil Company did not prove that Ripley

1. Regarding the judgment in this connected case, note that the trial court in the present case pointed to a procedural error in the former. The trial court here concluded:

There is nothing to indicate that the circuit court had jurisdiction to enter the judgment against Interstate Services, Inc. since no Order was ever entered by that court for the substitution of the parties, and direction given as to time for Interstate Services, Inc. to make answer to Plaintiff's complaint.

The question of the trial court's jurisdiction in the former case is not before us on this appeal.

could pay the damages, the trial court dismissed Oil Company's complaint. Regarding our standard of review, as this court stated in *Wefel v. Harold J. Westin & Associates, Inc.,* 329 N.W.2d 624, 626 (S.D.1983):

When a court dismisses an action, the court must make findings of fact and conclusions of law pursuant to SDCL 15–6–52(a). The court's dismissal of the action operates as an adjudication upon the merits. SDCL 15–6–41(b). Since the dismissal operates as an adjudication upon the merits, on appeal this court reviews the findings of fact under the "clearly erroneous" standard. 5 Moore's Federal Practice § 41.13[4] at 41–196 to 198. The conclusions of law are reviewed under the usual "in error as a matter of law."

 The general measure of recovery in a legal malpractice action is "the amount of loss actually sustained as a proximate result of the conduct of the attorney." 7A C.J.S. *Attorney & Client* § 273a (1980); *see Pickens, Barnes & Abernathy v. Heasley,* 328 N.W.2d 524 (Iowa 1983); 7 Am.Jur.2d *Attorneys at Law* § 226 (1980). To prove the "proximate result" the well-established rule of law is that:

A client suing his attorney for malpractice not only must prove that his claim was valid and would have resulted in a judgment in his favor, but also that said judgment would have been collectible in some amount, for therein lies the measure of his damages.

*McDow v. Dixon,* 138 Ga.App. 338, 339, 226 S.E.2d 145, 147 (1976). *See* 7A C.J.S. *Attorney & Client* § 270 (1980).

This rule of law has been cited with approval in many jurisdictions.[2] Unquestionably, the trial court found Attorney was negligent in his representation of Oil Company. The trial court also found that Rip-

ley, the defendant in the original action, was insolvent and consequently concluded that the present action fails since there would have been no damages collectible in the first action.

The question facing this court on review is if, in the first action only a *portion* of the judgment is collectible, whether that portion which is collectible then becomes the measure of damages in a subsequent legal malpractice claim.

The Iowa Supreme Court recently discussed this issue in *Pickens, Barnes & Abernathy v. Heasley, supra,* a legal malpractice action. There, the court stated:

If the solvency of the prior defendant is known beyond question ... a court may hold without other proof that the entire judgment would have been collectible. But if the prior defendant was an individual or other entity whose solvency is not known beyond question, the client must introduce substantial evidence from which a jury could reasonably find that a prior judgment would have been collectible in full, or could reasonably find the *portion* of the judgment which would have been collectible. In malpractice cases of this sort the client is limited in any event to the amount which could have been collectible.

328 N.W.2d at 526 (emphasis supplied). Similarly, in *McDow v. Dixon, supra,* the court stated that in a legal malpractice action the plaintiff client must prove that a judgment in the prior case "would have been collectible in some amount." 226 S.E.2d at 147. This rule was applied in *Sitton v. Clements,* 257 F.Supp. 63 (E.D. Tenn.1966) *aff'd* 385 F.2d 869 (6th Cir.1967). In *Sitton,* where a plaintiff received an award of approximately $162,000.00 against

2. *See, e.g., Campbell v. Magana,* 184 Cal. App.2d 751, 8 Cal.Rptr. 32 (1960); *Floro v. Lawton,* 187 Cal.App.2d 657, 10 Cal.Rptr. 98 (1960); *Lawson v. Sigfrid,* 83 Colo. 116, 262 P. 1018 (1927); *Kohler v. Woollen, Brown & Hawkins,* 15 Ill.App.3d 455, 304 N.E.2d 677 (1973); *Piper v. Green,* 216 Ill.App. 590 (1920); *King v. Fourchy,* 47 La.Ann. 354, 16 So. 814 (1895); *Glasgow v. Hall,* 24 Md.App. 525, 332 A.2d 722 (1975); *Christy v. Saliterman,* 288 Minn. 144,

179 N.W.2d 288 (1970); *Gross v. Eannace,* 44 Misc.2d 797, 255 N.Y.S.2d 625 (1964); *Leavy v. Kramer,* 34 Misc.2d 479, 226 N.Y.S.2d 349 (1962); *Hammons v. Schrunk,* 209 Or. 127, 305 P.2d 405 (1956); *Gay & Taylor, Inc. v. American Cas. Co.,* 53 Tenn.App. 120, 381 S.W.2d 304 (1964); *Jackson v. Urban, Coolidge, Pennington & Scott,* 516 S.W.2d 948 (Tex.Civ.App. 1974); *Staples' Exrs. v. Staples,* 85 Va. 76(8), 7 S.E. 199 (1888).

his attorney, the appellate court reduced it to $81,000.00 since the defendant in the underlying suit could not have satisfied the large judgment. *Sitton,* then, supports the rule that if only a portion of the original judgment is collectible, that this is sufficient to provide damages in a subsequent malpractice case.[3]

The extent of collectability in the original suit is a question of fact. *Titsworth v. Mondo,* 95 Misc.2d 233, 407 N.Y. S.2d 793 (1978); *see* Mullen & Levit, Legal Malpractice § 557 at 691 (2d 1981). Here, Oil Company was permitted to reopen its case in chief in order to demonstrate the financial responsibility of Ripley. The evidence admitted at this hearing consisted primarily of titles to numerous vehicles which Oil Company alleged belonged to Ripley. Generally, however, the titles to the vehicles were in the names of other corporations or relatives of Ripley. Ripley testified that he personally had outstanding indebtedness of $750,000.00. The evidence also showed substantial judgments against Ripley. The total of these judgments entered into evidence was $462,759.89. As the trial court found:

> The record before this court is clear. Russ Ripley was, at the time of the judgment against Interstate Services, insolvent, and is insolvent to this present day, and therefore, any judgment against Russ Ripley for the plaintiff was uncollectible because of such insolvency.

Since the extent of collectability is a question of fact, *Titsworth v. Mondo, supra,* we must review this finding under the clearly erroneous standard. SDCL 15–6–52(a). From our review of the record, including the testimony and the exhibits at this hearing, the trial court's finding that Ripley was insolvent is not clearly erroneous. This rule, requiring Oil Company prove with specificity some amount collectible, also answers Oil Company's argument that at some time in the future, before the judgment expires, Ripley *might have* acquired assets upon which they could levy. Since Oil Company failed to prove that it could have collected "any judgment" from Ripley in the original suit, Oil Company failed to prove any amount of damages in the present action.

We affirm the judgment of the trial court.

WOLLMAN, DUNN and HENDERSON, JJ., concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in result).

The majority cites *McDow v. Dixon,* 138 Ga.App. 338, 226 S.E.2d 145 (1976), for the proposition that plaintiff must prove malpractice negligence and collectibility. The plaintiff in *McDow* alleged that defendant attorney was negligent in not filing a personal injury action on her behalf against a dance studio within the statute of limitations. To prove damages (i.e. collectibility) against her attorney, the *McDow* court said plaintiff could introduce evidence of the dance studio's "worldly circumstances, financial status, assets," etc. *Id.* 226 S.E.2d at 148.

This case came to the trial court in an entirely different posture. Plaintiff Oil Company has a judgment in hand for $107,-300.20. The *only* way it can prove collectibility is by actually trying to collect the judgment by levy in execution. SDCL ch.

---

**3.** Although briefly, two treatises on legal malpractice discuss this rule. "Legal Malpractice" by R. Mullen and V. Levit (2d 1981) in discussing damages states "[o]f course, what 'should have been' recovered requires consideration of the amount of probable award and how much of it could have been collected." *Id.* at § 303, p. 355. "Legal Malpractice" further states:

> To establish the validity of the claim, the client not only has the burden of proving that he would have recovered the amount of the recovery, but also that the judgment was *collectible.* Often, this requires a client to prove that the debtor or tortfeasor was insured or was otherwise solvent. The extent of the collectability of a probable judgment is usually a question of fact.

*Id.* at § 557, p. 691 (citations omitted) (emphasis in original). This rule is also stated in general terms in "Attorney Malpractice: Law and Procedure" by D. Meiselman (1980).

15–18. If Ripley has property subject to levy, it is sold and the judgment is satisfied in whole or in part. The satisfaction it received in proving the attorney negligent must be its own reward. Plaintiff's attempt to collect damages in the manner here employed is inappropriate.