# IN THE COURT OF APPEALS OF IOWA

No. 18-0027
Filed September 12, 2018

**ESTATE OF LUCAS LODERMEIER,**
    Plaintiff-Appellant,

**vs.**

**JOHN L. TIMMONS,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Story County, Kurt L. Wilke, Judge.


The estate of Lucas Lodermeier appeals a directed verdict in a legal-malpractice claim. **AFFIRMED.**


Andrew J. Zbaracki of Newbrough Law Firm, LLP, Ames, for appellant.

David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des Moines, for appellee.


Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

The estate of Lucas Lodermeier (Lodermeier) appeals a directed verdict in a legal malpractice claim against John Timmons. Because we find no evidence of the amount of collectability against the initial defendant to support damages in the legal malpractice claim, we affirm.

## I.     Background Facts and Proceedings

On October 8, 2010, Lucas Lodermeier was injured in an accident for which he was not at fault. Lodermeier suffered some scrapes, and the other driver died. Lodermeier was reluctant to return to truck driving and did not work for six months. He met with attorney Timmons for representation in a suit to recover for injuries arising from the accident.

On October 9, 2012, Timmons advised Lodermeier by letter Timmons had failed to file the lawsuit within the two-year statute of limitations. On October 16, 2015, Lodermeier brought suit against Timmons for legal malpractice.[1] Lodermeier made no discovery requests from Timmons.

A jury trial was held December 5, 2017. Lodermeier presented testimony from Lodermeier's widow, who had been engaged to him at the time of the accident, the October 2012 letter from Timmons, tax returns, and medical evaluations. At the close of Lodermeier's case, Timmons moved for a directed verdict claiming negligence, causation, and damages had not been proven and there was no evidence of collectability. The court dismissed the case finding "no

---

[1]  On July 11, 2016, Lodermeier died from causes unrelated to the 2010 accident. Lodermeier died before his deposition testimony could be taken. His estate was substituted as plaintiff.

evidence of collectability of this claim against the initial defendant." Lodermeier appeals.

## II. Standard of Review

"We review a ruling on a motion for a directed verdict for correction of errors at law." *Stender v. Blessum*, 897 N.W.2d 491, 501 (Iowa 2017). "In reviewing the grant of a motion for a directed verdict, the court must determine whether reasonable minds could differ on the issue presented; if so, the grant was inappropriate." *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 849 (Iowa 2010). "We 'view the evidence in the light most favorable to the nonmoving party and take into consideration all reasonable inferences that could be fairly made by the jury.'" *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 909 (Iowa 2017) (quoting *Pavone v. Kirke*, 801 N.W.2d 477, 487 (Iowa 2011)).

## III. Analysis

"A party seeking to establish a prima facie claim of legal malpractice must show the following: (1) a duty arising from the established existence of an attorney-client relationship; (2) the attorney breached that duty; (3) the attorney's breach was the proximate cause of injury to the client; and (4) the client suffered actual damage, injury, or loss." *Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016). A plaintiff alleging the attorney's negligence prevented recovery must make a showing of collectability in the initial action. *Vossoughi v. Polaschek*, 859 N.W.2d 643, 656 (Iowa 2015).

"[C]ollectability is a critical element of any legal malpractice claim alleging legal malpractice prevented the plaintiff's recovery." *Id.* (emphasis removed). "[W]hen the loss arises from negligently prosecuting a prior case the client has the

burden of proving not only the amount of the judgment he would have obtained but for the negligence, but also what he would have collected." *Id.* (quoting *Pickens, Barnes & Abernathy v. Heasley*, 328 N.W.2d 524, 526 (Iowa 1983)) (emphasis removed). "[T]he client must introduce substantial evidence from which a jury could reasonably find that a prior judgment would have been collectible." *Id.* A speculative or potential injury does not give rise to a legal malpractice claim; a legal malpractice claim is only actionable where an actual injury has been sustained. *Id.* at 650–51. "A jury must be provided with facts affording a reasonable basis for ascertaining the loss." *Quad City Bank & Trust v. Elderkin & Pirnie, PLC*, 870 N.W.2d 249, 253–54 (Iowa Ct. App. 2015).

Lodermeier did not present any evidence proving the amount of insurance coverage for the driver causing the accident or whether the driver had other assets available for a judgment. *See Koeller v. Reynolds*, 344 N.W.2d 556, 562 (Iowa Ct. App. 1983) ("Because a judgment is limited to the amount which could have been collectible, it would have been necessary for [the plaintiff] to provide evidence of the exact limits of any insurance policy or that a judgment was collectible from the negligent driver defendant."). The only evidence presented concerning the other driver's insurance was testimony by his widow of Lodermeier's attempt to negotiate with the insurance company leading to the hiring of Timmons. No letter from Timmons or the insurance company, check stub, other documentation, or admission proves any level of coverage or collectability. *Cf. Quad City Bank & Trust*, 870 N.W.2d at 253–54) (evaluating a spreadsheet of potential recovery actions created by the law firm, testimony of an attorney from the firm, and letters sent by the law firm to the bank as evidence of collectability).

We find no evidence in the record from which a jury could have determined the amount collectable in the initial claim.  We affirm.

**AFFIRMED.**